United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**July 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60964
Summary Calendar

DOYLE JONES; VERONICA JONES ,

Petitioners - Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant - Appellee.

Appeal from the United States Tax Court

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

Taxpayers challenge the Tax Court's order granting summary judgment to the Commissioner of Internal Revenue ("Commissioner") and allowing collection activity to proceed. The Taxpayers' legal arguments, including their attempt to avoid paying income tax, and their attacks on the IRS' procedures are, for the most part, frivolous. We AFFIRM.

## I. FACTS AND PROCEEDINGS

Doyle and Veronica Jones ("Taxpayers") filed joint income tax returns for 1988, 1992, 1995, 1997, and 1998.  With the exception of the return for 1995, each return indicated that the tax due exceeded the amount of tax paid.  Following an audit of the 1995 return, Taxpayers agreed that taxes due for that year exceeded taxes paid and consented to a monthly payment plan.  Taxpayers also consented to a tax lien, which the government later placed in 1998.  Taxpayers made partial payments but ultimately failed to pay their taxes for all five years.

On April 24, 2000, the IRS sent Taxpayers a final notice of intent to levy under 26 U.S.C. § 6331(d) for a total unpaid balance of $13,417.88.  On May 17, 2000, Taxpayers requested a collection due process ("CDP") hearing, pursuant to 26 U.S.C. § 6330, to challenge the proposed levy.[1]  Prior to the hearing, Taxpayers filed amended returns for 1988, 1992, 1995, 1997, and 1998, showing zero taxable income and zero tax due.  Each amended return included a handwritten comment in which Taxpayers asserted:

> We also had no statutory liability with respect to income taxes, and pursuant to code sec. 31(a)(1), we have a constitutional right to have the wage tax imposed in sec. 3402(a)(1) refunded since it represents an unapportioned, direct tax on wages and thus would be unconstitutional if we could not have them refunded.  Because of the misleading caption on sec. 3402(a)(1), we did not realize that what was deducted from our pay was not income tax, but a

---

[1] Taxpayers also challenged the lien that arose out of the review of the 1995 return.  Because CDP hearings are available only for notices of federal tax liens filed after January 19, 1999, Taxpayers were unable to challenge the lien, which was filed on July 24, 1998.  See 26 U.S.C. § 6330 Historical and Statutory Notes ("This section applies to collection actions initiated 180 days after July 22, 1998 . . . .").

direct tax on our wages.

At the CDP hearing, held in January 2001, Taxpayers (1) asserted they never received notice and demand for unpaid tax, see § 6331(a); and (2) questioned whether the appeals officer could point to any statute under which Taxpayers became liable to pay income tax (Taxpayers opened their checkbook and offered to write a check if the appeals officer could point to the law imposing the disputed tax). While it was underway, Taxpayers attacked the CDP hearing as defective, arguing the appeals officer failed to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure [had] been met." § 6330(c)(1). The Taxpayers did not present any other arguments relating to (i) spousal defenses, (ii) the appropriateness of collection actions, or (iii) offers of collection alternatives. See § 6330 (c)(2)(A)(i)-(iii). After the hearing, the Office of Appeals issued a notice of determination sustaining the proposed levy. The Office of Appeals reasoned that because Taxpayers' arguments against the collection action were groundless and because Taxpayers had not presented a legitimate collection alternative, the proposed levy balanced the need for efficient collection of taxes with Taxpayers' concerns that it be no more intrusive than necessary.

Taxpayers brought a pro se appeal to the Tax Court. The Commissioner responded by moving for summary judgment. The court held a hearing on the motion and, at the end, granted the Commissioner's motion. The court rejected as incredible and unbelievable Taxpayers' contention that they never received notice and demand for payment, accepting instead the Commissioner's evidence that notice and demand had been given soon after

3

each tax return arrived at the IRS: "I'm concluding that your testimony, your allegation is not credible. It doesn't overcome the presumption of regularity associated with the Government's procedures . . . ."

Taxpayers timely brought a pro se appeal to this Court, arguing (1) summary judgment was inappropriate because there were genuine issues of material fact; (2) the CDP hearing was defective because the appeals officer failed to provide verification by the Secretary; (3) the Tax Court erred by granting summary judgment while a Freedom of Information Act request was pending; (4) the Tax Court judge's behavior was "egregious"; (5) the government placed the 1998 lien illegally; and (6) the IRS violated the stay pending appeal when a revenue officer contacted the taxpayers at their home.

## II. STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. Perez v. United States, 312 F.3d 191, 193 (5th Cir. 2002). We apply the same standard as the district court. Id. In a collection due process case in which the underlying tax liability is properly at issue, the Tax Court (and hence this Court) reviews the underlying liability de novo and reviews the other administrative determinations for an abuse of discretion. Craig v. Commissioner, 119 T.C. 252, 260 (2002).

## III. DISCUSSION

All but two of Taxpayers' arguments do not require extended discussion. Income tax laws apply to income earned by individuals. See, e.g., United States v. Burton, 737 F.2d 439, 441 (5th Cir. 1984) ("Beyond dispute, wages are income."). The IRS has discretion to

accept or reject an amended return. See Evans Cooperage Co. v. United States, 712 F.2d 199, 204 (5th Cir. 1983). A "notice of deficiency" is only required in situations where there is a deficiency (e.g. the amount of tax imposed by the IRS exceeds the amount of tax shown by the taxpayer on his return)[2] and not in situations where, as here, a taxpayer fails to pay the amount of tax shown on the returns. Perez, 312 F.3d at 196. Nothing in the transcript or record indicates the Tax Court judge's behavior was egregious. To the contrary, the record is replete with Mr. Jones' intemperate comments. Finally, we hold that the notice and demand required under § 6331(a)(1) can be given by forms other than Form 17, such as a notice of balance due. Cf. Craig v. Commissioner, 119 T.C. 252, 260-61 (2002) (a notice of balance due satisfies the notice and demand requirement of § 6303(a)).

Taxpayers assert the CDP hearing they received was defective. Section 6330(c)(1), governing CDP hearings, requires that "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Taxpayers argue the appeals officer was required to obtain (1) verification from the (2) Secretary of the Treasury (3) during the hearing. In this case, the appeals officer inspected a Form 4340 and determined the IRS had followed legal and administrative procedures. The Commissioner, pointing to Tax Court decisions, maintains these procedures satisfy the statute. We agree. The appeals

---

[2] The 1995 return created a deficiency: following an audit, the IRS determined the amount of tax due exceeded the amount of tax shown on the return. Taxpayers waived the notice of deficiency when they signed Form 4832. In any event, the Tax Court correctly did not exercise jurisdiction over this claim because it had already been disputed. See § 6330(c)(2)(B), (d)(1)(A).

officer referred to the Form 4340 "at the hearing" and "verified" whether legal and administrative procedures had been followed. The appeals officer acted as a delegate of the Secretary. See 26 U.S.C. § 7701 (11)-(12).

At the summary judgment hearing, the tax judge made numerous statements evaluating the credibility of Taxpayers' representation that they had not received notices of balance due. When issues that require the weighing of credibility are material, summary judgment is not appropriate. The Commissioner argues that whether Taxpayers received balance-due notices is not material to whether the IRS sent the notices. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993) (affirming summary judgment where taxpayers' assertion they had not received notice was not material to whether the IRS had sent notice). We agree, given the facts of this case. Taxpayers have consistently maintained that Form 17 is the only form by which the IRS can fulfill its requirement to give notice and demand under § 6331(a). Taxpayers' core argument is that they never received notice from the IRS because they never received a Form 17. This contention is not material to whether the IRS sent a notice other than Form 17. Thus, taxpayers fail to come forward with "specific facts" to counter the motion for summary judgment. See FED. R. CIV. P. 56(e).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the holding of the Tax Court.

6