**Ezrell C. HOLMES**

v.

**INTERNAL REVENUE SERVICE**

No. CIV. A. 03–2329.

United States District Court, W.D. Louisiana, Shreveport Division.

Nov. 17, 2004.

Ezrell C. Holmes, Shreveport, LA, pro se.

Laura M. Conner, US Dept. of Justice, Washington, DC, for Defendant.

## MEMORANDUM RULING

WALTER, District Judge.

Before this Court is a Motion for Summary Judgment [Doc. # 10] filed on behalf of defendant, the United States, pursuant to Federal Rule of Civil Procedure 56. No opposition to this motion has been filed. For the reasons assigned herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## STATEMENT OF FACTS

Pro se plaintiff, Ezrell C. Holmes ("Holmes") is appealing a Determination of Collection Due Process Hearing. In November 2001, Holmes amended his 1998 and 1999 income tax returns by reporting zero income and attempting to claim refunds of the tax withheld from his wages. In addition, he filed his 2000 income tax return reporting zero income and claiming a tax refund despite having two 2000 Form W–2s and a 2000 Form 1099–R showing taxable income. The Internal Revenue Service ("IRS") notified Defendant via letters dated May 13, 2002 that the returns were deemed frivolous and Defendant had 30 days to correct the returns or a $500 frivolous return penalty would be assessed against him. Holmes responded with letters asserting, *inter alia,* that there are no laws that require him to pay income taxes and IRS agents do not have authority to issue frivolous penalties. By letter dated July 1, 2003, Holmes was notified that the penalties had been assessed against him and payment was requested.

On July 22, 2003, the IRS sent a certified final notice of intent to levy if the penalties were not paid. In addition, the notice advised Holmes of his right to request a Collection Due Process Hearing, which Holmes requested.

IRS Settlement Officer Suzanne L. Magee ("Magee") sent Holmes a letter dated October 6, 2003, which scheduled his Collection Due Process Hearing via telephone conference on October 23, 2003 at 8:00 a.m. The letter states:

> If this [date and time are] not convenient for you, or if you prefer to conduct your hearing by correspondence, please contact me as soon as possible. I would be happy to consider other dates within 14 days of the scheduled conference. If I don't hear from you before the scheduled conference date, I will issue the required determination letter based on the information in the file.

On October 22, the day prior to the scheduled conference date, Magee received a telephone message from Holmes stating he would be unavailable for the conference at 8:00 a.m. because he did not return from work until 11:00 a.m. Holmes further said he could call her around noon and asked that she return his call.[1] Magee returned Holmes's phone call and asked that he call her at 2:00 p.m. the next day. On October 23, Magee received no phone calls or messages from Holmes and sent Holmes a letter asking him to call within ten days to discuss his case.

On Monday, November 3, Magee received a message left by Holmes the previous Friday stating that he wanted to schedule a hearing. Magee called Holmes on Monday and was told he was out of

---

1. See Statement of Material Facts in Support of Defendant's Motion for Summary Judgment. Local Rule 56.1 and 56.2 provide that the moving party in a Motion for Summary Judgment shall file a Statement of Uncontested Facts and the facts will be deemed admitted for purposes of this motion unless opposed. The facts were not opposed.

town until Tuesday. Magee left a message and asked that he call her when he returned the following day. Fourteen days later, after not hearing from Holmes, Magee allowed the collection action to continue. A Notice of Determination dated November 21, 2003 was mailed to Holmes.

In dispute of the Notice of Determination, Holmes filed a complaint in this Court alleging the Determination was lawless and erroneous because he was denied a Collection Due Process Hearing. Holmes asked this Court to vacate the IRS Determination, order the IRS to hold a Collection Due Process Hearing, and have documentation he requested available at the hearing. The United States of America filed the motion presently before this Court.

### SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all references most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto. Insurance Co.*, 784 F.2d 577, 578 (5th Cir.1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir.1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

### LAW AND ANALYSIS

■ In a Collection Due Process case, this Court reviews the IRS's administra-

tive decisions for an abuse of discretion. *Jones v. Commissioner*, 338 F.3d 463 (5th Cir.2003). Before a levy may be assessed against a taxpayer, the taxpayer has a right to a hearing. 26 U.S.C. § 6330; Treas. Reg. § 301.6330–1(b). However, once the taxpayer has been given the opportunity for a hearing and fails to avail himself of that opportunity, the IRS may make a determination by reviewing the case file. *Taylor v. Commissioner*, T.C. Memo.2004–25, 2004 WL 193575 (2004).

Holmes was notified by letter dated October 6, 2003 that his hearing was scheduled for October 23, 2003 at 8:00 a.m. Holmes notified his settlement officer on October 22 that he would not be available on October 23 at 8:00 a.m. Magee, the settlement officer, attempted to reschedule the hearing by sending Holmes a letter dated October 23 and leaving telephone messages on October 22 and November 3. After Holmes did not respond to the attempts to reschedule the hearing, Magee reviewed the case file and determined the collection action against Holmes could proceed. Furthermore, Holmes was notified in the letter dated October 23, 2003 that without a hearing the "determination [will be] based upon the information provided by your explanation documented on your request for a hearing and the information provided by the Internal Revenue Service. Unfortunately, that information does not appear to be sufficient to provide you with any reasonable alternative to the Notice of Intent to Levy."

Holmes was notified more than two weeks in advance of his scheduled hearing date, but failed to notify the settlement officer that he would be unavailable at that date and time until the day before the scheduled hearing. Furthermore, the settlement officer attempted several times to contact Holmes to reschedule the hearing.

After waiting two weeks for Holmes to return her phone call to reschedule the hearing, Magee determined the collection action could continue. This Court finds no abuse of discretion by the IRS.

Accordingly, Defendant's Motion for Summary Judgment [Doc.# 10] is **GRANTED** and Plaintiff's claims are **DISMISSED**.

### *JUDGMENT*

Before this Court is a Motion for Summary Judgment [Doc. # 10] filed on behalf of defendant, the United States, pursuant to Federal Rules of Civil Procedure 56.

For the reasons stated in the foregoing Memorandum Ruling, **IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 10] be and is hereby **GRANTED**, and that Plaintiff's claims be **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of November, 2004.