United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-60629

————————————————

SEGUDINO RAZO; DELFA RAZO

                Petitioners - Appellants

v.

COMMISSIONER OF INTERNAL REVENUE

                Respondent - Appellee

--------------------
Appeal from the United States Tax Court
--------------------

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Petitioners-Appellants Segudino and Delfa Razo ("the Razos")
appeal the tax court's determination that the notice of
determination issued by the Internal Revenue Service ("IRS") was
not an abuse of discretion.  Having reviewed the record and
considered the briefs and arguments on appeal, we affirm the
judgment of the tax court.

     The Razos raise two issues on appeal.  First, the Razos
contend that their offer in compromise was rejected solely on the

---

     * Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

basis of the amount of the offer, in violation of 26 U.S.C. § 7122(c)(3)(A) ("[A]n officer or employee of the Internal Revenue Service shall not reject an offer-in-compromise from a low-income taxpayer solely on the basis of the amount of the offer."). Second, the Razos contend that the IRS abused its discretion in rejecting the offer in compromise.

We review administrative determinations of the IRS not involving underlying tax liability for abuse of discretion. *Jones v. Comm'r of Internal Revenue*, 338 F.3d 463, 466 (5th Cir. 2003).

Regarding the Razos' first contention, we conclude that the amount of the offer in compromise was not the sole reason for its rejection. Other factors considered by the IRS include the Razos' equity and income and the fact that accepting the offer in compromise would not change the likelihood that the Razos' assets would soon be taken by other creditors. Therefore, the IRS did not act in violation of 26 U.S.C. § 7122(c)(3)(A) in rejecting the Razos' offer in compromise.

Regarding the Razos' second contention, we conclude that the IRS did not abuse its discretion in rejecting the Razos' offer in compromise.[1]  Pursuant to 26 U.S.C. § 6330(c)(3), an IRS

---

[1]  We note that in its notice of determination to the Razos, the IRS rejected the Razos' offer in compromise and sustained the federal tax lien; at the same time, however, the IRS also deemed the Razos' account "temporarily not collectible," thereby suspending its collection activities against the Razos.

determination must take into account (1) verification that the applicable law and proper procedures were followed, (2) any issues raised by the taxpayer, and (3) whether the need for efficient tax collection is balanced with the concern that a collection action be no more intrusive than necessary. The IRS determination in this case takes each of these into consideration and is, therefore, not an abuse of discretion. Consequently, we affirm the judgment of the tax court.

AFFIRMED.