

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Dalipaj v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dalipaj v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1293.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1293

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2690

———————

ERVIN DALIPAJ,

Petitioner

v.

ALBERTO R. GONZALES, ATTORNEY
GENERAL OF THE UNITED STATES,

Respondent

———————

On Appeal from the Board of
Immigration & Naturalization Service
BIA No. A96-264-319

———————

Submitted Pursuant to Third Circuit LAR.34.1(a)
March 27, 2006

Before: MCKEE, VAN ANTWERPEN Circuit Judges and
POLLAK, District Judge*

(Opinion filed: April 6, 2006)

———————

*The Honorable Louis H. Pollak, Senior District Judge, United States District Court,
sitting by designation.

OPINION

MCKEE, <u>Circuit Judge</u>

Petitioner appeals from the Board of Immigration Appeals' affirmance of the Immigration Judge's decision to deny his claim for political asylum and withholding of removal. He also attempts to argue that his claim for relief under Article III of the Convection Against Torture was improperly denied. For the reasons that follow, we will affirm.

Since we write primarily for the parties, we need not set forth the factual or procedural background of this appeal. We have jurisdiction to review a final order of the Board of Immigration appeals pursuant to § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252 (2000). Before the Immigration Judge, Dalipaj admitted the factual allegations set forth in the Notice to Appear, and expressly declined to apply for protection under Article III of the Convection Against Torture. On appeal he argues that the BIA erred in upholding the Immigration Judge's denial of withholding of removal and asylum based upon his political opinion.

Dalipaj is a citizen of Albania and testified to two incidents of harassment which he attributes to his membership and involvement in the Albanian Democratic Party. His claim of persecution rests upon a phone call he received from an unidentified caller threatening harm because of a tee shirt he wore during a soccer game, and the fact that his

tires were slashed by unidentified individuals the next day. He also states that he found a chicken head in his locker at the soccer stadium with a note stating "you are next" or words to that effect. JA 64-65. There were no other incidents from the last threat in April 2002 until he left Albania on June 11, 2002. Dalipaj admits that he never found out who had harassed him, but blames "fanatics of the Socialist Party." JA 65-67.

Dalipaj must establish that he was subject to past persecution or has a well founded fear of future persecution in order to qualify for asylum. 8 U.S.C. § 1101(a)(42)(A). A "well founded fear" must be both subjectively genuine and objectively reasonable. *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003). Even accepting petitioner's testimony, we agree that he has not established sufficient harassment to establish past persecution or a well founded fear of future persecution based upon his political belief. *See Prasad v. Ins*, 47 F.3d 336 (9th Cir. 1995). We realize that Dalipaj testified to being a well known soccer star whose return to Albania would not go unnoticed. Nevertheless, the incidents he is relying on to support his claim for relief fall short of the level of severity required for an asylum claim. Thus, even if we assume *argundo* that government agents or groups the government could not or would not control were responsible, the record would still not support his claim for asylum. *See Tariawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 2003).

Since Dalipaj can not establish an asylum claim, it is clear that the BIA did not err in affirming the Immigration Judge's denial of his claim for withholding removal. Denial of his request for withholding of removal was also proper. "The standard for withholding

3

of removal is higher than the standard for asylum . . . . If [Dalipaj] is unable to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal . . . . *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir. 2003).

Accordingly, we will dismiss the petition for review.[1]

---

[1] In his brief before us, Dalipaj argues that he is also entitled to relief under Article III of the Convention Against Torture and that the Immigration Judge and BIA erred in refusing that claim. However, he expressly waived that claim before the Immigration Judge. *See* JA 51. Accordingly, we will not address that claim here.