**Kenneth F. DEYO Jr., Marlene A. Deyo, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 06–5277–cv.

United States Court of Appeals, Second Circuit.

Oct. 16, 2008.

Kenneth F. Deyo Jr., Wolcott, CT, Appearing for Plaintiffs–Appellants.

Richard L. Parker (David I. Pincus, Robert W. Metzler, on the brief, and Kevin J. O'Connor, United States Attorney, of counsel), for Eileen J. O'Connor, Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., Appearing for Defendant–Appellee.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

The United States District Court for the District of Connecticut affirmed the judgment of the IRS Appeals Office upholding the assessment of penalties pursuant to 26 U.S.C. § 6702 against Plaintiffs–Appellants Kenneth F. Deyo Jr. and Marlene A. Deyo for the filing of frivolous amended federal income tax returns for the tax years 1997, 1998 and 2000. On appeal, the Plaintiffs–Appellants challenge the District Court's holding that a penalty for the filing of a frivolous return is a penalty "automatically calculated through electronic means" and therefore exempt from the personal approval requirement of 26 U.S.C. § 6751. Plaintiffs–Appellants further assert that the assessment of the penalties against them was not personally approved in writing by a supervisor of the examiner making the initial determination and therefore was invalid. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When reviewing an IRS Appeals Office decision in a collection due process hearing where the validity of the underlying tax liability is not challenged, "the trial court and the court of appeals review the determination of the IRS appeals officer for abuse of discretion." *Olsen v. United States*, 414 F.3d 144, 150 (1st Cir.2005) (citing *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 625 (6th Cir.2005); *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir.2003)); *see also Robinette v. Comm'r*, 439 F.3d 455, 459 (8th Cir.

2006) ("[T]he [trial court] reviews the decision of an IRS hearing officer under an 'abuse of discretion' standard of review."); *Living Care*, 411 F.3d at 625–26 ("Appeals Officers' decisions are reviewed for abuse of discretion."). In this case, the Plaintiffs–Appellants do not dispute their underlying tax liability, but rather only the IRS's alleged procedural violations. As a result, we review for abuse of discretion. In this context, abuse of discretion denotes " 'clear taxpayer abuse and unfairness by the IRS.' " *Robinette*, 439 F.3d at 459 (quoting *Olsen*, 414 F.3d at 150).

Under the version of 26 U.S.C. § 6702 in effect prior to 2006, a taxpayer was to be assessed a $500 fine for filing an incorrect return based upon a "frivolous" position.[1] Section 6751, however, requires that no penalty "be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination." It makes an exception, however, for any penalty that is "automatically calculated through electronic means." *Id.* The District Court concluded that the penalties assessed here were so calculated and therefore exempt from the requirements of Section 6751. We find it unnecessary to decide this question, concluding that even if the supervisory approval requirement of Section 6751 applies to penalties assessed for the filing of a frivolous return under Section 6702, the IRS satisfied that requirement in this case.

With regard to the penalty assessed as a result of the Plaintiffs–Appellants' filing

1. 2006 amendments to this section changed the penalty amount from $500 to $5000. *See* Tax Relief and Health Care Act of 2006, Pub.L. 109–432, sec. 407, § 6702, 120 Stat. 2922, 2960–61 (2006). Additionally, prior to 2006, 26 U.S.C. § 6330(d) gave district courts jurisdiction to review IRS Appeals Office determinations regarding penalties imposed under § 6702, if the Tax Court did not have jurisdiction over the underlying tax liability. See 26 U.S.C. § 6330(d) (2000), amended by Pension Protection Act of 2006, Pub.L. 109–280, sec. 855, § 6330, 120 Stat. 780, 1019 (2006). The current version of § 6330(d) provides only for appeal to the Tax Court. *See* Pension Protection Act of 2006, sec. 855, § 6330, 120 Stat. at 1019.

for the 1997 tax year, the record contains a document entitled "Penalty Screening Committee Case Approval Record." This document, which purports to authorize the imposition of a penalty against Plaintiffs–Appellants, was signed by a group manager and a member of the penalty screening committee, and was initialed by a quality review section chief. The section chief checked the box marked "approved." The IRS also submitted, pertaining to the 1997 tax year, an assessment voucher signed by the group manager.

The IRS submitted a similar "Penalty Screening Committee Case Approval Record" with regard to the penalties assessed in response to the Plaintiffs–Appellants' 1998 and 2000 filings. This document was again signed by a group manager and a member of the penalty screening committee, and was initialed by a quality review section chief. Additionally, each signatory official checked the box marked "approved."

From these submissions, it is clear that the IRS examiner who made the initial determination to impose each of the three challenged penalties received the personal written approval of a group manager prior to that penalty's assessment. Regarding each penalty, there is a written document or set thereof approving assessment, all bearing indications of personal consideration and approval by various superior officers. This is all that Section 6751 requires. As a result, the penalty assessments were proper irrespective of whether the penalty for a frivolous filing is exempt from the approval requirement of Section 6751.

Plaintiffs–Appellants do not dispute that these documents on their face evidence supervisory approval. They assert instead that the signatures on the submitted documents should nevertheless be disregarded because they bear indications of having been created by means of a "rubber stamp," rather than a manual signature. This claim, even if true, is irrelevant. Section 6751 requires only personal approval in writing, not any particular form of signature or even any signature at all. It does not matter whether a rubber stamp was used to provide the signatures.

Plaintiffs–Appellants also attempt to infer from the purported rubber-stamping of the signatures that the supervisors in question did not provide personal consideration and approval. This contention is entirely speculative. Plaintiffs–Appellants have not provided any evidence that personal approval by the superiors in fact was lacking.

This Court may affirm on "any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987). The record in this case supports the conclusion that the IRS fully complied with Section 6751.

Admittedly, the written approvals upon which we rely were introduced for the first time before the District Court. We express no view on the propriety of the District Court's admission of this evidence, but conclude that we may properly rely on it in the circumstances of this case. *Cf. Robinette*, 439 F.3d at 460 (limiting review of collection due process proceedings to information that was before the appeals officer); *Olsen*, 414 F.3d at 155 ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (alteration in original) (quoting *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973))). Plaintiffs–Appellants instigated and demanded the inclusion of this evidence in the record before the District Court and do not now object to its consideration—

assuming without deciding that such an objection could now be entertained. *Cf. Ohler v. United States,* 529 U.S. 753, 755, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted."). The records clearly establish, as urged by the Government, that the personal approval requirement of Section 6751 was complied with in this case.

For the foregoing reasons, the judgment of the district court is AFFIRMED.