

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# Fabian-DeCampos v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Fabian-DeCampos v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-035                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1917

_____

ANA CARMEN FABIAN-DECAMPOS,
                                                          Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                          Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A98-889-616)
Immigration Judge:  Honorable Frederic Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2009

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: March 12, 2009)

_____

OPINION OF THE COURT

_____

PER CURIAM

Ana Carmen Fabian-DeCampos, a native and citizen of El Salvador, entered the

United States in April 2005.  Within days of her entry, the Government charged her as

removable for being present without having been admitted or paroled or for having

arrived in the United States at any time or place other than as designated by the Attorney General. Fabian-DeCampos subsequently sought asylum, withholding, and protection under the Convention Against Torture ("CAT"). She later conceded the charge of removability at a hearing before an Immigration Judge ("IJ").

After the hearing, the IJ made an adverse credibility determination and denied the applications for relief from removal. Fabian-DeCampos appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, affirming the decision on credibility grounds and on the alternative basis that Fabian-DeCampos failed to present sufficient evidence to show that she was entitled to asylum or withholding. The BIA also concluded that she failed to establish a claim for CAT relief. Fabian-DeCampos presents a petition for review of the BIA's order.

We have jurisdiction over Fabian-DeCampos's petition pursuant to 8 U.S.C. § 1252(a). Because the BIA relied in part on the IJ's reasoning, we review both decisions. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2001). We review factual findings, including adverse credibility determinations, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005). An adverse credibility finding must be afforded substantial deference, so long as the finding is supported by sufficient, cogent reasons. See id. at 434. The finding must be upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. See Xie v.

2

<u>Ashcroft</u>, 359 F.3d 239, 243 (3d Cir. 2004).

Because there is no reason that compels a contrary conclusion, we uphold the agency's adverse credibility finding in this case. There were a number of inconsistencies between Fabian-DeCampos's written submissions and her oral testimony, as well as internal inconsistencies in her oral testimony. In the statement she included with her application for relief from removal, she described her and her first husband's involvement in political campaigns against the "Gorila"/"Guerilla" group in El Salvador, threatening flyers they received, and the murder of her first husband (who was a member of the El Salvador National Guard) in 1991 by a "group of the Gorila." R. 156. She also wrote, "They killed . . . my brother-in-law, Cousin, even on[e] of my cousins was massacred at her own home." <u>Id.</u> (She also described her subsequent move to another city, her remarriage, the tragic loss of two of her children in a 2001 earthquake, and her decision to come to the United States to give her remaining children a better life and future. <u>Id.</u>)

As in her written statement, in her testimony, Fabian-DeCampos at first implied that the "F.N.L.N." was responsible for the deaths of many of her family members, R. 87. However, on questioning, she revealed that the causes of many of their deaths were various and unrelated to political persecution. For instance, one family member died after an attack by an unknown person on a bus, R. 89, another died as a result of an intra-family conflict over an inheritance, R. 95, and another died at the hands of a drunk or high family member, R. 97-98. Also, her testimony before the IJ varied from the

3

statement with her application. Fabian-DeCampos testified about a degree of political involvement and a resulting series of written and phoned threats in 2005 that precipitated her departure, R. 107-08, but she did not include such information in her written statement. On the whole, it must be said that the adverse credibility finding is supported by substantial evidence.

Because of the adverse credibility finding, Fabian-DeCampos could not demonstrate a well-founded fear, or a clear probability, of persecution in El Salvador on account of a protected ground, see 8 U.S.C. § 1101(a)(42); Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003), or that it was more likely than not that she would be tortured on return to El Salvador so as to be entitled to CAT relief, see Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). We will deny her petition for review.