# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2013

No. 13-60206

Lyle W. Cayce
Clerk

JANICE BROWN,

Plaintiff-Appellant,

v.

MISSISSIPPI STATE SENATE,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CV-678

Before DAVIS, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Janice Brown ("Brown") appeals from the dismissal on summary judgment of her suit for racial discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60206

I.

Brown, who is black, began working for the Mississippi State Senate
("Senate") in 1995.  She worked in a number of positions for the Senate from
1995 to 2000, when she left the Senate for approximately one year to work for
the governor.  In 2001, she returned to the Senate to work in a few different
positions before transferring to the lieutenant governor's office as a scheduler
in 2003.  In 2008, at the expiration of the lieutenant governor's term, Brown
was transferred to the Senate in the position of Committee Assistant.  In that
capacity, she was assigned to assist four Mississippi state senators.

During the legislative term beginning in 2008, the state-wide budget,
which includes the Senate budget, was reduced due to poor economic
conditions.  This budget reduction prompted the Senate to make personnel
decisions through its Rules Committee.  The Committee was headed by
William Hewes, III, but the proposed personnel changes were put forward by
Tressa Guynes ("Guynes"), then Secretary of the Senate.  Guynes proposed
either furloughing the entire Senate staff for five to six days or implementing
a reduction in force ("RIF").  When the Senate opted for the RIF, Guynes
recommended that the Senate either eliminate entirely or reduce the salary or
hours of ten Senate positions.  As the district court pointed out in its March
7, 2013 Opinion and Order:

> When determining which staff members to
> recommend for the RIF, Guynes considered factors
> including seniority in the currently held position, work
> performance, the impact an employee's
> termination/reduction in hours would have on work
> flow, and greatest savings. . . .
>
> Relevant to the dispute presently before the Court,
> Brown had the second least seniority in the position of

No. 13-60206

> Committee Assistant. According to Guynes, when evaluating Committee Assistants for the RIF, she received complaints regarding Brown's performance from the Senators to whom she was assigned as well as from other staff members. Additionally, some of the Senators to whom Brown was assigned reported that they seldomly used her for assignments and/or relied on other Committee Assistants. Finally, the elimination of Brown's position saved the Senate $64,000.00, which was several thousand dollars more than would have been saved if other Committee Assistants had been eliminated during the RIF.[1]

Considering these factors, Guynes recommended that Brown's position be eliminated during the RIF, and the Rules Committee unanimously approved, resulting in Brown's termination from the Senate. Brown timely filed an EEOC Charge of Discrimination, alleging "that she had not been given any reason for her discharge; that she had 'excellent' work performance; and that less experienced white Committee Assistants, about whom complaints had been made, had been retained."[2] On August 10, 2011, the EEOC issued a Determination in which it concluded, based on its investigation, that "it is reasonable to believe that [Brown] was laid off because of her race in violation of Title VII." Upon receiving a Right to Sue Notice and the Determination, Brown filed this suit pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2(a)(1), *et seq.*

The Senate eventually moved for summary judgment under Fed. R. Civ. P. 56 on Brown's discrimination claim. The district court, in a well-reasoned

---

[1] *See Brown v. Mississippi State Senate*, No. 3:11-cv-678, Opinion and Order at 2-3 (S.D. Miss. March 7, 2013) (footnote omitted) (hereinafter "Opinion and Order").

[2] *Id.* at 3.

3

No. 13-60206

opinion, applied the modified *McDonnell Douglas* framework as applied by this Court in *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305 (5th Cir. 2004), and numerous other cases. The district court found that although Brown had presented a prima facie case of wrongful termination, the Senate had presented evidence to show a legitimate, non-discriminatory justification for terminating Brown as part of the broader RIF for at least four different reasons. The district court further found that Brown had failed to present evidence to show that these reasons were pretextual or that race was a motivating factor. Thus, the district court granted summary judgment in favor of the Senate and dismissed Brown's suit with prejudice. Brown appeals.

## II.

The district court possessed subject matter jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction over this timely appeal under 28 U.S.C. § 1291.

## III.

We review the grant of summary judgment *de novo*, using the same standards as the district court under Fed. R. Civ. P. 56.[3] Here, the issue is whether Brown, who as plaintiff bears the ultimate burden of proof, produced evidence to create a genuine issue of material fact and thus survive summary judgment. It is undisputed that Brown presented no direct evidence of discrimination, only, at best, circumstantial evidence. Thus, we apply the

---

[3] *See Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (citing *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003)).

burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973), and its progeny.[4]

"Under this three-part scheme, a plaintiff must first establish a prima facie case of discrimination by showing: (1) he belongs to a protected group; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class."[5]   If the plaintiff succeeds in establishing a prima facie case, "the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions."[6]   At this second stage, the defendant need only produce evidence which, taken as true, would permit a finding that the defendant acted for a nondiscriminatory reason.[7]

If the defendant meets this burden, the plaintiff is not entitled to an inference of discrimination at the third stage.  Instead, "the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." [8]   Even if the plaintiff presents such evidence, summary judgment against the plaintiff may still be appropriate depending on a number of factors, including "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's

---

[4]    *See Price v. Federal Exp. Corp.*, 283 F.3d 715, 719-20 (5th Cir. 2002).

[5]    *Id.* (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)).

[6]    *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802).

[7]    *Id.* (citing *Hicks*, 509 U.S. at 509).

[8]    *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007) (footnote omitted).

explanation is false, and any other evidence that supports the employer's case and that properly may be considered," if "no rational factfinder could conclude that the action was discriminatory."[9]

## IV.

Here, the district court correctly found that Brown succeeded in establishing a prima facie case because she showed that she "is black and therefore in a protected class; that she was qualified for the Committee Assistant position she held; that she was terminated from that position; and that a white Committee Assistant, Donna Ramsdale ('Ramsdale'), was retained during the RIF."[10]    Thus, Brown succeeded in raising the presumption of discrimination, and the burden of production shifted to the Senate to produce a "legitimate, nondiscriminatory justification for its actions."

At this second stage, the district court correctly found that the Senate had produced evidence of such a justification because the Senate presented ample evidence that Brown's termination occurred as part of a broader RIF necessitated by economically driven state-wide and Senate budget cuts.[11]    The Senate put forward at least four independent reasons for terminating Brown during the RIF: First, the Senate showed that she was the least senior employee in her position of Committee Assistant.[12]    Second, the Senate demonstrated that her termination "impacted the least amount on the workplace" because deposition testimony showed, among other things, that she did not have a heavy workload and was not used or was only seldom used by

---

[9]    *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)).

[10]    Opinion and Order at 8.

[11]    *Id.*

[12]    *Id.* at 10-12.

some of the senators to whom she was assigned.[13]    Third, the Senate presented uncontroverted evidence that two of Brown's assigned senators and some of her co-workers had complained about her work performance.[14] Fourth and finally, the Senate presented uncontroverted evidence that Brown was selected because her termination resulted in cost savings based on the fact that she earned eight to ten thousand dollars more than that paid to the retained employee, Ramsdale.[15]

At the third stage, the burden shifted back to Brown to "create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic."[16] The district court explained in detail how Brown failed to do so for each the Senate's proffered reasons.   At the district court as well as on appeal, Brown has argued that the Senate changed its rationale for terminating her or failed to present evidence to support its decisions, but she has failed to create a genuine issue of material fact by presenting evidence to support her arguments.

For example, with respect to the calculation of seniority, Brown argues at length that the Senate wrongly calculated seniority based on time in a particular position rather than overall time of service at the Senate.   As the district court already pointed out, however, Brown presented no evidence that the Senate was bound to calculate seniority in any particular manner, nor did

---

[13]    *Id.* at 12-14.

[14]    *Id.* at 14-17.

[15]    *Id.* at 17-18.

[16]    *Burrell*, 482 F.3d at 412 (footnote omitted).

No. 13-60206

Brown present any evidence that the Senate calculated seniority differently for any other employee.[17]   Thus, Brown has failed to prove any factual basis for those allegations.

Similarly, Brown asserts that Guynes, apparently the Senate's primary decision-maker for the termination decision, changed her explanation regarding the calculation of seniority from the time of the EEOC investigation to the time of discovery in this suit, but the record does not support Brown's rather strongly worded accusations.   Guynes's May 17, 2010 Memorandum to Brown's file regarding her termination due to the RIF clearly ties the calculation of Brown's seniority to her position as committee assistant,[18] and our review of the summary judgment evidence reveals that Guynes's deposition testimony is consistent with the Memorandum.   There is nothing in the record to suggest that Guynes "changed her story" during discovery once she "realized she had been caught in a lie," as Brown asserts.   Brown's unsupported allegations fail to create a genuine issue of material fact concerning the calculation of seniority for purposes of the RIF decision-making process.

Most of Brown's arguments on appeal must fail for similar reasons. Brown repeatedly claims that certain witnesses are obviously lying or have changed their testimony without presenting any evidence to justify those accusations.   Moreover, Brown primarily points to the testimony of witnesses who did not have problems with her job performance.   That is a red herring. The true issue is whether some employees *did* have problems with her

---

[17]    Opinion and Order at 11.

[18]    The second paragraph of the Memorandum begins, "The least seniority for C/As (last 2 hired) is Janice Brown and Donna Ramsdell . . . ," then proceeds to discuss how Brown's seniority in the Committee Assistant position was calculated.

performance to support the Senate's stated reason.  The Senate submitted ample deposition testimony concerning Brown's poor job performance, and Brown failed to contradict that testimony in any way.

Finally, Brown continues to argue that the district court failed to sufficiently consider the EEOC's August 10, 2011 determination letter, which stated, in part, that interviews with her "assigned Senators and co-workers who allegedly complained did not corroborate [the Senate's] articulated reasons for its action."  Brown's reliance on the EEOC letter as evidence is misplaced.  As we have long made clear, "the EEOC's findings of racial discrimination are not dispositive in later racial discrimination suits."[19]

That is especially true here given the facial deficiencies with the EEOC letter in light of the testimony given during discovery.  As the district court noted, the EEOC letter did not disclose who had been interviewed during the EEOC investigation.   It is undisputed that some of Brown's assigned senators and some of her co-workers had no problems with her performance, just as it is undisputed that some of them did.  Although the EEOC letter does not corroborate the testimony of that latter group, it also does not constitute independent evidence which would controvert it.   Brown was required to come forward with evidence to controvert the affirmative testimony of those witnesses, and she failed to do so.[20]

In short, Brown has not presented sufficient evidence to refute any of the Senate's proffered reasons for making the decision to terminate her during the RIF, so she has failed to show that the stated reasons were merely pretextual.

---

[19]     *Price*, 283 F.3d at 725.

[20]     Brown's other arguments were correctly addressed by the district court and will not be discussed again here.

No. 13-60206

Moreover, Brown has not presented any evidence that racial discrimination was even a "motivating factor" behind her termination.   On these facts, no rational factfinder could find racial discrimination.   The district court therefore properly granted summary judgment in the Senate's favor.

V.

Accordingly, we affirm.