**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2014

No. 12-20134

**Lyle W. Cayce**
Clerk

MARK MILTON,

Plaintiff–Appellant,

v.

STRYKER CORPORATION; STRYKER SALES CORPORATION,

Defendants–Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1954

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PER CURIAM:[*]

Mark Milton (Milton) sued Stryker Corporation and Stryker Sales Corporation (collectively, Stryker), alleging that a Stryker-manufactured "pain pump" that Milton used following shoulder surgery caused the complete loss of cartilage in his shoulder. Stryker filed a motion to dismiss, which the district court converted into a motion for summary judgment. The district court then granted summary judgment, reasoning that the claims were barred by the statute of limitations because Milton had failed to exercise reasonable diligence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20134

The district court, however, did not permit any discovery. Because the record is insufficiently developed we cannot determine whether the grant of summary judgment was proper. Accordingly, we vacate the judgment of the district court and remand for further proceedings.

**I**

Milton alleges in his affidavit that on October 25, 2004, he underwent surgery on his right shoulder. Following the operation, a "pain pump"—manufactured by Stryker—was used to inject anesthetics directly into the joint of his shoulder. A month later, Milton complained to the physician who had performed the surgery, Dr. Bryan, of continued pain but was reassured that such pain was normal  Though Milton alleges that he "continued to have problems with [his] shoulder" for years after the surgery, he did not seek further medical attention until May 27, 2009, when Dr. Bryan diagnosed him as having complete loss of articular cartilage in the shoulder, consistent with glenohumeral chondrolysis. Milton asserts that "he had no idea that it was possible the pain pump caused increased damage to his shoulder" until this diagnosis in 2009, when Dr. Bryan told him that the condition was linked to use of the pain pump.

On May 23, 2011, almost two years after the diagnosis, Milton sued Stryker under various theories, alleging that the pain pump caused his condition. He claimed that the injury began immediately following the surgery. Milton later filed an amended complaint, in which he limited his causes of action to negligence and product liability claims.

Milton's initial complaint asserted the applicability of the discovery rule. He argued that "[d]espite the exercise of reasonable care and diligence, [he] did not discover that his injuries may have been caused by [Stryker's] conduct until a date less than two years from the filing of the [initial] [c]omplaint in this case." Stryker countered that the discovery rule did not apply and moved to dismiss Milton's case for having been filed outside the statute of limitations. The district

No. 12-20134

court *sua sponte* converted this motion into one for summary judgment, and both parties were given an opportunity to supplement the record with additional information.  Milton argued generally that summary judgment would be premature for lack of discovery.  He later filed a Motion for Leave to File Amended Exhibits and, in the alternative, a Rule 56(f) Motion for Continuance, explicitly seeking more time to obtain additional evidence.  The district court did not permit discovery and granted Stryker's motion for summary judgment.

The district court held that "[the discovery rule did] not apply to the discovery of the cause of the injury" and that Milton's "pain was his notice of an injury" that should have prompted reasonable investigation.  The district court stated that "chondrolysis occurs within months after surgery" and that Milton "would have discovered the cause of his injury promptly after the surgery" had he reasonably investigated the source of his continuing pain.  The district court held that Milton's failure to investigate his injury resulted in the statute of limitations barring his claims.  This appeal followed.

## II

We review a district court's grant of summary judgment de novo.[1] Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

## III

This is a diversity case in which Texas substantive law governs Milton's claims.  In Texas, a two-year statute of limitations applies to personal injury actions.[3]  Texas law also provides that a cause of action accrues when the legal

---

[1] *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003).

[2] FED. R. CIV. P. 56(a).

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2011).

wrong is completed, "even if the party is unaware of the wrong."[4]   More specifically, "[n]egligence claims normally accrue when the duty of ordinary care is breached, and strict liability claims generally accrue on the date of the injury."[5] Accordingly, because Milton filed suit six-and-a-half years after his use of the pain pump, his claims are barred unless the discovery rule applies.

The discovery rule "defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action."[6]  Whether the discovery rule applies in a particular case is determined categorically; not on a case-by-case basis.[7] The discovery rule is "a very limited exception to statutes of limitations" and only applies when the nature of the injury is both "inherently undiscoverable" and "objectively verifiable."[8]  The parties in the present case do not dispute that chondrolysis is an objectively verifiable condition, so we address only whether Milton's injury was inherently undiscoverable.

Milton argues that injuries resulting from surgical implants are inherently undiscoverable under this court's unpublished decision in *Brandau v. Howmedica Osteonics Corp.*[9] Stryker counters that Milton's pain pump is not a "surgically implanted device" within the scope of *Brandau.*  We are, however,

---

[4] *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999).

[5] *Haussecker v. Childs*, 935 S.W.2d 930, 934 (Tex. App.—El Paso 1996), *aff'd*, 974 S.W.2d 31 (Tex. 1998).

[6] *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

[7] *See, e.g.*, *id.* at 457 (holding that the discovery rule categorically does not apply to misappropriation-of-trade-secrets claims because "in most cases, trade secret misappropriation generally is capable of detection within the time allotted.").

[8] *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) (internal quotation marks omitted).

[9] 439 F. App'x 317, 322 (5th Cir. 2011) (per curiam).

unable to determine on the basis of the record whether Milton's injury can be classified as a surgical-implant case. We do not know what, if any, device remained inside Milton's shoulder following surgery, and if it remained, how long it remained.

Milton argues that summary judgment was improper because he raised genuine issues of material fact concerning his due diligence. First, he asserts that he acted reasonably in light of being told by his physician that postsurgical pain was normal. He also argues that waiting for years before seeking a diagnosis was reasonable because the onset of his chondrolysis was delayed. While the district court held that Milton's pain would have prompted a reasonably diligent person to investigate the cause of the pain earlier, the record is inconclusive. It is not clear when damage to the shoulder joint could have been detected had Milton investigated the cause of his pain. Accordingly, we cannot determine, on the basis of the present record, whether Milton exercised reasonable diligence in waiting four-and-a-half years before seeking a diagnosis. Milton has the burden of proof on this issue, and he must present evidence that chondrolysis is the type of condition that is inherently undiscoverable during the two-year limitations period and that he could not, exercising reasonable diligence, have discovered that he had chondrolysis earlier than two years before he filed suit.

*       *       *

For the foregoing reasons, we VACATE the district court's order granting summary judgment and REMAND for further proceedings consistent with this opinion.