# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60336
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2019

Lyle W. Cayce
Clerk

PAUL B. MUIR,

     Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

     Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
TC No. 13634-16L

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Paul Muir appeals the Tax Court's decision sustaining a proposed IRS levy to collect unpaid taxes. Because we conclude that the Tax Court did not abuse its discretion, we AFFIRM.

Muir failed to pay income taxes, for which the IRS issued an unchallenged Notice of Deficiency. Later, the IRS sent Muir a Notice of Intent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60336

to Levy. *See* 26 U.S.C. § 6330(a) (requiring IRS to provide notice). Muir requested a hearing to raise an alternative to a levy, but he did not suggest any alternative means of collection or include any supporting information. *Id.* § 6330(c)(2)(A)(iii) ("The person may raise at the hearing any relevant issue relating to . . . the proposed levy, including . . . offers of collection alternatives.").

Then, the IRS' Appeals Office sent Muir a letter, confirming Muir's request for a hearing and asking that Muir get in touch to discuss his request. This letter stated:

> If you do not . . . respond to this letter [in fourteen days], the determination or decision letter that we issue will be based on your [hearing] request, any information you previously provided to this office, and information we have on file regarding the applicable tax periods.

Thus, Muir was on notice that if he failed to respond to the letter, the hearing would rest solely on information the Appeals Board already possessed. Muir did *not* respond to this letter and thus—without any evidence of an alternative means to collect—the Appeals Office issued its Notice of Determination sustaining the IRS' proposed levy. Muir petitioned the Tax Court, which concluded that the Appeals Office did not abuse its discretion when it sustained the levy without a face-to-face hearing.

Muir brings two challenges: (1) the Tax Court should not have struck evidence that the Appeals Board sent a *second* letter to the wrong address; and (2) the Tax Court should not have upheld the Appeals Board's decision.

We conclude the Tax Court did not abuse its discretion. *See Jones v. CIR*, 338 F.3d 463, 466 (5th Cir. 2003) ("In a collection due process case in which the underlying tax liability is properly at issue, the Tax Court (and hence this Court) reviews the underlying liability *de novo* and reviews the other

2

No. 18-60336

administrative determinations for an abuse of discretion.") (citing *Craig v. Commissioner*, 119 T.C. 252, 260 (2002)).

Although he was entitled to a hearing, Muir was not entitled to a face-to-face hearing.  *See* C.F.R. § 301.6330-1(d)(2) ("A CDP hearing may, but is not required to, consist of a face-to-face meeting, one or more written or oral communications between an Appeals officer or employee and the taxpayer or the taxpayer's representative, or some combination thereof.").  The Appeals Board denied Muir a face-to-face hearing because he failed to provide enough information to justify one—both in his initial request for a hearing and in his subsequent failure to respond to the Appeals Board.  And without any information of an alternative means of collection, the Appeals Board could only sustain the proposed levy.  Thus, whether Muir received the second letter is immaterial because the second letter merely gave Muir an additional chance to provide information he failed to provide to that point.

Because the Tax Court did not abuse its discretion, we AFFIRM.