United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30606

CHRISTOPHER CROSS, INC.,

Plaintiff – Appellant,

v.

UNITED STATES OF AMERICA,

Defendant – Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This case concerns whether an Internal Revenue Service ("IRS") appeals officer abused her discretion in returning an offer in compromise submitted by Christopher Cross, Inc. ("Taxpayer"). Specifically, Taxpayer challenges the appeals officer's reliance on the Internal Revenue Manual. For the reasons set forth below, we find that the appeals officer acted within her discretion in rejecting Taxpayer's offer in compromise. Therefore, we affirm the district court's dismissal of Taxpayer's claims.

I.  BACKGROUND

The facts are undisputed. Taxpayer admittedly owes the IRS unpaid employment taxes for the periods ending March 31, 2002, June

30, 2002, September 30, 2002, and December 31, 2002. On December 10, 2002, the IRS issued to Taxpayer a Notice of Intent to Levy with respect to unpaid employment taxes, including penalties and interest, for the first three quarters of 2002. On May 5, 2003, the IRS issued Taxpayer another Notice of Intent to Levy with respect to unpaid employment taxes, including penalties and interest, for the fourth quarter of 2002. Taxpayer's assessed liability totaled $134,078. In response to each Notice of Intent to Levy, Taxpayer requested a Collection Due Process ("CDP") hearing. *See* I.R.C. § 6330. IRS Appeals Officer Brenda Esser (the "Officer") conducted a CDP hearing respecting both Notices.

On August 13, 2003, Taxpayer submitted an offer in compromise (the "Offer") with respect to employment taxes due for all four quarters. In the Offer, Taxpayer proposed to pay a total of $85,000 under a deferred-payment schedule. On September 10, 2003, the Officer returned Taxpayer's Offer, stating that, "[Taxpayer] failed to make its federal tax deposits timely for the entire two quarters prior to the quarter [Taxpayer] submitted the offer . . . . Unless and until [Taxpayer] can demonstrate a willingness and ability to meet these circumstances, [Taxpayer] does not qualify for offer-in-compromise consideration."

On the same day, the Officer issued a Notice of Determination upholding the proposed levy to collect unpaid employment taxes as set forth in the two Notices of Intent to Levy. Specifically, the

2

Officer stated that (1) the IRS had met all statutory, procedural, and administrative requirements before issuing the Notices of Intent to Levy; (2) Taxpayer had not presented an acceptable payment alternative; and (3) the proposed levy balanced the need for efficient tax collection with Taxpayer's legitimate concern that the collection action be no more intrusive than necessary. Additionally, the Officer stated that Taxpayer's Offer was "nonprocessable" because Taxpayer had not timely made federal tax deposits and because Taxpayer had more than sufficient equity in its current accounts receivable and moveable assets to pay the tax debts at issue.

Taxpayer filed suit seeking review of the Notice of Determination. In its complaint, Taxpayer alleged that the IRS had violated its statutory rights under the Internal Revenue Code by failing to consider the Offer. The Government subsequently filed a motion to dismiss, claiming, *inter alia*, that Taxpayer failed to state a valid claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6).

The district court dismissed the case for failure to state a claim. It held that the IRS's procedures for declaring offers to compromise "nonprocessable" violated neither the Taxpayer's due process rights nor the Internal Revenue Code and that the Officer was within her discretion and authority to reject Taxpayer's offer to compromise. Taxpayer filed a motion for reconsideration, which

the court denied.  Taxpayer appeals.


## II.  STANDARD OF REVIEW

"In a collection due process case in which the underlying tax liability is properly at issue, the Tax Court (and hence this Court) reviews the underlying liability *de novo* and reviews the other administrative determinations for an abuse of discretion." *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003) (citing *Craig v. Comm'r*, 119 T.C. 252, 260 (2002)); *see Living Care Alternatives of Utica v. United States,* 411 F.3d 621, 626 (6th Cir. 2005) (holding that, when there is no challenge to the validity of the underlying tax liability at the CDP hearing, the appeals officer's decision is reviewed under an abuse of discretion standard).  Furthermore, several other circuits have held that "Congress likely contemplated review for a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS, lest the judiciary become involved on a daily basis with tax enforcement details that Congress intended to leave with the IRS." *Robinette v. Comm'r*, 439 F.3d 455, 459 (8th Cir. 2006) (internal quotation marks omitted); *see Olsen v. United States*, 414 F.3d 144, 150 (1st Cir. 2005); *Living Care*, 411 F.3d at 631.  We adopt this standard.


4

### III.  DISCUSSION

#### A.  Statutory Framework

Consideration of an offer in compromise submitted in the context of a CDP hearing is governed by section 7122 of the Internal Revenue Code, which sets out the exclusive method of compromising federal tax liabilities.  *See Olsen*, 414 F.3d at 153; I.R.C. § 7122.  Specifically, section 7122 provides that the "Secretary *may* compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense . . . ."  I.R.C. § 7122(a) (emphasis added).  The statute further specifies that the "Secretary shall prescribe guidelines for officers and employees of the [IRS] to determine whether an offer-in-compromise is adequate and should be accepted to resolve a dispute."  I.R.C. § 7122(c).  The Treasury regulations state that "[t]he IRS may . . . return an offer to compromise a tax liability if it determines that the offer was submitted solely to delay collection or was otherwise nonprocessable."  26 C.F.R. § 301.7122-1(d)(2).  The Internal Revenue Manual (the "Manual") provides specific circumstances in which an offer is "nonprocessable."  One such circumstance is when an in-business taxpayers has failed to timely deposit, file, and pay "all required employment tax returns for the two (2) preceding quarters prior to filing the offer . . . ."  I.R.M. § 5.8.3.4.1(1)(a).

B.  The Officer Did not Clearly Abuse her Discretion in Returning the Offer

Taxpayer argues that the Officer did not have the authority to return the Offer based upon a provision of the Manual, and, therefore, the Officer abused her discretion.  We find no abuse of discretion.  Even assuming the Manual is not law and assuming that an appeals officer should not rely upon the Manual in making its determination, the Officer in this case acted within her discretion.  While the Officer cited the Manual in making her determination, we are not judging the appropriateness of that citation.  Instead, we judge whether the Officer abused her discretion in returning the Offer.

The Officer's determination was in accordance with the Internal Revenue Code and Treasury regulations.  The Internal Revenue Code provides that the Secretary, through its agents, may compromise a civil case.  *See* I.R.C. § 7122(a).  The statute also orders the Secretary to promulgate guidelines to assist the officers in determining the adequacy of an offer.  I.R.C. § 7122(c).  The Treasury regulations provide those guidelines and state that a "nonprocessable" offer may be returned to the taxpayer.  26 C.F.R. § 301.7122-1(d)(2).

Here, the Officer acted under the power granted to her by the Internal Revenue Code to settle or not settle this civil case.  *See* I.R.C. § 7122(a).  She determined that the Offer was inadequate

6

because Taxpayer was not current on the payment of its estimated tax for two periods ending March 31, 2003 and June 30, 2003. *See* I.R.C. § 7122(c). Based on this inadequacy, she returned the Offer as "nonprocessable" under the Treasury regulations. *See* 26 C.F.R. § 301.7122-1(d)(2). The failure to timely pay owed taxes is a perfectly reasonable basis for rejecting an offer in compromise relating to other unpaid taxes. Whether or not she properly relied on the Manual, the Officer made a determination grounded in the discretion afforded to her by law and provided a reasonable basis for finding the Offer inadequate.[1] Therefore, the Officer did not clearly abuse her discretion in returning the Offer.

Furthermore, Taxpayer has offered no viable support for its contention that the Officer cannot utilize the guidelines set forth in the Manual when making the discretionary decision to return a submitted offer in compromise. *See Living Care*, 411 F.3d at 631. It therefore has "failed to present sufficient evidence to justify a remand." *Id.* In sum, the Officer did not clearly abuse her discretion in returning the Offer, and the record evinces no clear taxpayer abuse or unfairness by the IRS. *See id.*

We find additional support for finding no clear abuse of

---

[1] Additionally, the Officer supported her decision by finding the following: (1) the IRS had met all statutory, procedural, and administrative requirements before issuing the Notices of Intent to Levy; (2) Taxpayer had not presented an acceptable payment alternative; and (3) the proposed levy balanced the need for efficient tax collection with Taxpayer's legitimate concern that the collection action be no more intrusive than necessary.

discretion in *Living Care*. The Sixth Circuit, addressing whether the IRS may reject a plan to present an offer in compromise, unequivocally stated that the "taxpayer must be current on payments for the previous two quarters to be eligible to submit an offer in compromise." *Living Care*, 411 F.3d at 630. Accordingly, it held that the "IRS was well within its discretion to reject [the taxpayer's] plan to present an offer in compromise." *Id*. at 631. We join the Sixth Circuit in finding no clear abuse of discretion where an appeals officer makes a "fully support[ed]" decision regarding the processability of an offer.[2] *Id*. at 630.

IV. CONCLUSION

Our review of the Officer's determination is for clear abuse of discretion. Under that standard, the Officer made a reasoned decision under the Internal Revenue Code and Treasury regulations. Moreover, Taxpayer has failed to present authority stating the contrary. Therefore, Taxpayer has not stated a claim upon which relief can be granted. Accordingly, we AFFIRM the dismissal of

---

[2] The Seventh Circuit similarly has held that an appeals officer's consideration of a taxpayer's failure to remit estimated tax was not an abuse of discretion when that appeals officer denied a second CDP hearing to a taxpayer who had failed to comply with a previous installment plan designed to eliminate tax liabilities. *See Orum v. Comm'r*, 412 F.3d 819, 820–21 (7th Cir. 2005). Although the officer in *Orum* relied on the failure to remit estimated tax and here the Officer relied on the failure to timely remit, the Seventh Circuit's holding is persuasive in determining that such reliance is a valid reason for an appeals officer's decision and within the officer's discretion.

Taxpayer's claims.