T.C. Memo. 2012-211

UNITED STATES TAX COURT

KENNETH D. PACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9216-11L.                          Filed July 24, 2012.

<u>William A. Neilson</u> and <u>James R. Washington III</u>, for petitioner.

<u>John K. Parchman</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his

discretion in determining to proceed with the collection of petitioner's income tax

liabilities relating to 2006 and 2007.  The parties submitted this case fully stipulated pursuant to Rule 122.[1]

Background

Petitioner operates a chiropractic business through his wholly owned corporation, Dauntless, Inc. (Dauntless).  Petitioner filed his Federal income tax returns relating to 2006 and 2007 but failed to pay the full amount of tax reported on these returns.  On December 28, 2009, respondent sent petitioner a Final Notice of Intent to Levy and Your Right to a Hearing relating to 2006 and 2007.   Petitioner timely requested a collection due process (CDP) hearing and indicated that he wanted to discuss a collection alternative.  Respondent informed petitioner that in order for respondent to consider a collection alternative, petitioner was required to provide Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; Form 433-B, Collection Information Statement for Businesses; and proof that he was current with all Federal income tax obligations. Petitioner provided respondent with the requested Form 433-A and listed investment

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

interests in Dauntless and Visionary Management, Inc.[2]  In addition, petitioner provided respondent with Form 433-B relating to Dauntless, Dauntless' tax return relating to 2008, and documentation relating to petitioner's individual income and expenses.

On February 15, 2011, the Appeals officer requested additional documentation:  "The * * * [Louisiana secretary of state's] office shows you are also involved with Achievement Therapeutic Services L.L.C. and Kenneth D. Pace D.C., L.L.C.  Please provide me with a completed * * * [Form 433-B] * * * for each of these businesses and evidence that they are both current with their federal tax return filing and tax payments [sic] requirements."  In addition, the Appeals officer requested documentation relating to petitioner's estimated tax payments, household income, borrowing capacity, and Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, and 941, Employer's Quarterly Federal Tax Return, relating to Dauntless.

Prior to the CDP hearing petitioner provided documentation relating to his borrowing capacity, a copy of his marriage contract, and his wife's 2010 Form W-2, Wage and Tax Statement.  Petitioner did not provide any of the requested

[2]Petitioner did not submit, and respondent did not request, a Form 433-B relating to Visionary Management, Inc.

documentation relating to Achievement Therapeutic Services, LLC (Achievement LLC) or Kenneth D. Pace, D.C., LLC (Kenneth D. Pace LLC). In a letter dated March 17, 2011, petitioner stated that "while he * * * [was] the Registered Agent of Achievement Therapeutic Services, L.L.C. and Kenneth D. Pace, D.C., L.L.C., he has derived no income from these entities since they began in 1997. Therefore, he does not believe producing any information with regard to those entities is appropriate under this request for an alternative means of collection."

On March 22, 2011, respondent held a CDP hearing and petitioner requested an installment agreement. On April 5, 2011, respondent issued a notice of determination sustaining the proposed collection action because of petitioner's failure to provide respondent with documentation relating to Achievement LLC and Kenneth D. Pace LLC. On April 19, 2011, petitioner, while residing in Destrehan, Louisiana, filed his petition with the Court.

## Discussion

Section 6330(a) provides that the Commissioner must notify the taxpayer of his right to a hearing prior to imposing a levy on the taxpayer's property. If the taxpayer submits a timely request for an administrative hearing, the hearing must be conducted by the IRS Office of Appeals before an impartial officer. Sec. 6330(b)(3). During a collection hearing the taxpayer may raise relevant issues such

as spousal defenses, the appropriateness of the proposed collection action, and possible collection alternatives. Sec. 6330(c)(2)(A).

The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection be no more intrusive than necessary. Sec. 6330(b), (c)(3). An Appeals officer analyzing a proposed installment agreement must evaluate the taxpayer's current financial condition. See Orum v. Commissioner, 123 T.C. 1, 13 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). It is not an abuse of discretion for the Commissioner to reject an installment agreement where the taxpayer fails to provide the Commissioner with requested financial documentation. See McLaine v. Commissioner, 138 T.C. __, __ (slip op. at 24-25) (Mar. 13, 2012).

The validity of petitioner's underlying tax liability is not at issue. Therefore, we review respondent's administrative determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000). Petitioner contends that respondent abused his discretion in denying petitioner's proposed installment agreement. Petitioner, however, has failed to establish "clear taxpayer abuse and unfairness". See Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th

Cir. 2006). The Appeals officer, after reviewing information from the Louisiana secretary of state, determined that petitioner had an interest in Kenneth D. Pace LLC and Achievement LLC and requested information relating to these entities. Petitioner's failure to furnish the requested documentation provided a reasonable basis for respondent to determine that petitioner was not eligible for an installment agreement. See id. at 613; McLaine v. Commissioner, 138 T.C. at __ (slip op. at 24-25). Accordingly, respondent did not abuse his discretion. See McLaine v. Commissioner, 138 T.C. at __ (slip op. at 24-25).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.