T.C. Memo. 2012-220

UNITED STATES TAX COURT

LA MARINE SERVICE, L.L.C., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28955-10L.                           Filed July 31, 2012.

<u>William A. Neilson</u>, for petitioner.

<u>John K. Parchman</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his
discretion in determining to proceed with the collection of petitioner's tax liabilities.
The parties submitted this case fully stipulated pursuant to Rule 122.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
(continued...)

Background

Petitioner filed its quarterly Federal employment tax returns relating to the taxable periods ending June 30 and September 30, 2004; March 31, June 30, September 30, and December 31, 2005; March 31, June 30, September 30, and December 31, 2006; and March 31, June 30, and September 30, 2007, but failed to pay the full amount of tax reported on these returns. Respondent assessed a late-filing addition to tax, a tax deposit penalty, and a failure to timely pay addition to tax relating to each of these returns. Petitioner filed, but failed to pay the full amount of tax reported on, its Federal unemployment tax return relating to 2007.

On March 18, 2010, respondent sent petitioner a Final Notice of Intent to Levy and Your Right to a Hearing letter relating to the periods in issue. On April 16, 2010, petitioner timely requested a collection due process (CDP) hearing and indicated that it wanted to propose a collection alternative. In a letter dated September 30, 2010, respondent scheduled an October 21, 2010, CDP hearing and requested that petitioner provide a collection information statement, financial documentation, and proof that it was current with all Federal tax obligations. This

[1](...continued)
Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

CDP hearing was subsequently rescheduled, at petitioner's request, to November 2, 2010.

On November 1, 2010, petitioner's counsel informed respondent that petitioner had applied for a loan to pay its tax liabilities and requested postponement of its CDP hearing. In addition, petitioner proposed two collection alternatives: a six-month stay of collection while it attempted to obtain a loan or, in the alternative, an installment agreement. Petitioner asserted that it would submit a collection information statement and the requested documentation with its request for an installment agreement.

On November 2, 2010, respondent held a CDP hearing with petitioner's counsel. Petitioner failed to provide respondent with any requested documentation, and on November 23, 2010, respondent issued notices of determination sustaining the proposed collection action. On December 27, 2010, petitioner, whose principal place of business was Belle Chasse, Louisiana, filed its petition with the Court. After filing its petition, petitioner satisfied its tax liability relating to its 2007 Federal unemployment tax return.

Discussion

Section 6330(a) provides that the Commissioner must notify the taxpayer of his right to a hearing prior to levying on the taxpayer's property. If the taxpayer

submits a timely request for an administrative hearing, the hearing must be conducted by the IRS Office of Appeals before an impartial officer. Sec. 6330(b)(1). During a collection hearing the taxpayer may raise relevant issues such as the appropriateness of the proposed collection action and possible collection alternatives. Sec. 6330(c)(2)(A).

The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection be no more intrusive than necessary. Sec. 6330(b), (c)(3). In reviewing the Commissioner's determination, the Court considers only matters that were properly raised at the CDP hearing or otherwise brought to the attention of the Appeals Office. See Pough v. Commissioner, 135 T.C. 344, 350 (2010); Giamelli v. Commissioner, 129 T.C. 107, 115 (2007).

Petitioner contends that respondent erroneously assessed petitioner's 2005[2] and 2007 Federal unemployment tax return liabilities. During its CDP hearing

---

[2]Petitioner references, what respondent refers to as, a "miscellaneous penalty" relating to petitioner's 2005 Federal unemployment tax return. The record provides no description or additional information relating to this "penalty".

petitioner did not challenge its underlying tax liabilities relating to the periods in issue. Therefore petitioner is precluded from contesting its underlying tax liabilities before this Court. See Pough v. Commissioner, 135 T.C. at 350; Giamelli v. Commissioner, 129 T.C. at 115. Accordingly, we review respondent's administrative determinations for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000). Petitioner contends that respondent abused his discretion in rejecting petitioner's proposed collection alternatives. Petitioner, however, has failed to establish "clear taxpayer abuse and unfairness". See Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir. 2006). Prior to the CDP hearing the Appeals officer requested documentation relating to petitioner's financial condition. Respondent provided petitioner with sufficient time to submit the requested documentation, and petitioner's failure to do so provided a reasonable basis for respondent to reject petitioner's proposed collection alternatives. See McLaine v. Commissioner, 138 T.C. __, __ (slip op. at 24-25) (Mar. 13, 2012) (holding that it is not an abuse of discretion for the Commissioner to reject a collection alternative because of a taxpayer's failure to provide requested documentation); Pough v. Commissioner, 135 T.C. at 351 (holding that the Commissioner may set reasonable deadlines for a taxpayer to provide requested documentation). Accordingly, respondent did not abuse his discretion. See

McLaine v. Commissioner, 138 T.C. at __ (slip op. at 24-25); Pough v. Commissioner, 135 T.C. at 351.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.