T.C. Memo. 2012-242

UNITED STATES TAX COURT

RALPH GALYEAN AND LARAINE GALYEAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21375-10L.                    Filed August 23, 2012.

Ralph Galyean and Laraine Galyean, pro sese.

<u>Ardney J. Boland III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his
discretion by determining to proceed with the collection of petitioners' tax liabilities
relating to 2006, 2007, and 2008.

**[*2]**                          FINDINGS OF FACT

After losing his job as a laborer on an offshore oil production platform, Mr. Galyean secured a consulting position with an offshore construction firm.  He subsequently lost his consulting position and began receiving Social Security benefits.  In 2009 petitioners filed for bankruptcy, lost their home, and moved into a $1,690-per-month apartment with their two large dogs.  Petitioners filed joint Federal income tax returns relating to 2006, 2007, and 2008 (years in issue) but failed to pay the full amounts of tax reported on these returns.

On March 11, 2010, respondent sent each petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to the years in issue.  Petitioners timely requested a collection due process (CDP) hearing and proposed that their account be placed in currently not collectible status.  On August 11, 2010, respondent held a face-to-face hearing with petitioners' attorney.  During the hearing petitioners' attorney again requested that respondent place petitioners' account in currently not collectible status.  In financial statements submitted to respondent, petitioners reported $3,617 of monthly income[1] and $3,515 of monthly expenses.  The Appeals officer noted that

[1]This amount included $1,364 of Social Security benefits and $2,253 of income from Mrs. Galyean's employment as an administrative assistant.

**[*3]** petitioners' monthly housing expense of $1,690 exceeded the $1,215 local

standard,[2] determined that petitioners could make monthly payments of $583

towards their outstanding tax liabilities, and proposed a graduated installment

agreement (i.e., $165 per month for the first five months, $583 per month until Mr.

Galyean turned 65, and $499 per month thereafter). Petitioners rejected the

proposed installment agreement.

On August 18, 2010, respondent again proposed a graduated installment

agreement (i.e., $108 per month for the first five months, $583 per month until Mr.

Galyean turned 65, and $499 per month thereafter). Petitioners again rejected the

proposed agreement and requested that their account be placed in currently not

collectible status. On August 26, 2010, respondent issued notices of determination

relating to the years in issue. In the notices, respondent determined that petitioners

had sufficient resources to make monthly payments towards their tax liabilities and

rejected petitioners' proposed collection alternative. On September 27, 2010,

petitioners, while residing in Louisiana, filed their petition with the Court.

---

[2]The Internal Revenue Service publishes local housing and utility standards. See Internal Revenue Manual pt. 5.15.1.7 (Oct. 2, 2009). The local standard in effect for petitioners' location through August 11, 2010, provided that a family of two was allowed $1,215 per month for housing and utilities.

**[*4]**                                    OPINION

Section 6330(a)[3] provides that the Commissioner must notify a taxpayer of his right to a hearing prior to imposing a levy on the taxpayer's property. During a collection hearing a taxpayer may raise relevant issues such as spousal defenses, the appropriateness of the proposed collection action, and possible collection alternatives. Sec. 6330(c)(2)(A). The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3).

The validity of petitioners' underlying tax liabilities is not at issue. Therefore, we review respondent's administrative determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000). Petitioners contend that respondent abused his discretion by refusing to place their account in currently not collectible status. The Commissioner's internal procedures provide that he may place an account in currently not collectible status when imposing a

_____

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

**[*5]** levy will create a hardship. <u>See</u> Internal Revenue Manual pts. 1.2.14.1.14 (Nov. 19, 1980) (Policy Statement 5-71), 5.16.1.2.9 (May 5, 2009). A hardship exists where "'satisfaction of the levy in whole or in part will cause an individual taxpayer to be unable to pay his or her reasonable basic living expenses.'" <u>Vinatieri v. Commissioner</u>, 133 T.C. 392, 398 (2009) (quoting section 301.6343-1(b)(4), Proced. & Admin. Regs.).

Petitioners further contend that respondent abused his discretion by using the local standard housing expense, rather than their actual housing expense, to determine their reasonable basic living expenses.[4] Petitioners acknowledge the availability of apartments at or below the local standard but assert that first floor apartments, which would allow them to keep their dogs, are more expensive. Respondent reasonably determined that these preferences did not justify a deviation from the local standard in determining petitioners' reasonable basic living expenses. <u>See</u> <u>Christopher Cross, Inc. v. United States</u>, 461 F.3d 610, 612

---

[4]Petitioners make two contentions that were not raised at their CDP hearing. They contend that respondent failed to consider vehicle expenses and the impact of petitioners' bankruptcy. We reject both contentions because they were not raised at the hearing. <u>See</u> <u>Murphy v. Commissioner</u>, 125 T.C. 301, 315 (2005) (holding that in reviewing the Commissioner's determination the Court generally only considers evidence that was brought to the attention of the Appeals officer), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

**[\*6]** (5th Cir. 2006) (holding that taxpayers must establish "clear taxpayer abuse and unfairness").

Financial statements, prepared and submitted by petitioners, indicated that they had funds available to make payments towards their tax liabilities. Furthermore, respondent proposed two installment agreements which would have allowed petitioners to pay their tax liabilities and move into a less expensive apartment. Petitioners rejected both proposed installment agreements. In short, respondent reasonably determined that it was appropriate to proceed with collection and did not abuse his discretion. See Christopher Cross, Inc., 461 F.3d at 612.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.