T.C. Memo. 2012-257

UNITED STATES TAX COURT

HARRY E. CANTRELL, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7095-05L.                    Filed September 10, 2012.

<u>John S. Ponseti</u>, for petitioner.

<u>Ardney J. Boland III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether respondent abused his discretion in determining to proceed with the collection of petitioner's Federal income tax liability relating to 2001.

[*2]                         FINDINGS OF FACT

During 2001 petitioner operated the Law Offices of Harry E. Cantrell and taught criminal law at Southern University. On October 18, 2002, petitioner and his former spouse filed their joint Federal income tax return relating to 2001 but failed to pay the full amount of tax reported on the return. Respondent subsequently assessed petitioner's self-reported tax liability of $608,846.

On October 21, 2003, respondent sent petitioner and his former spouse a Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing, relating to 2001. On October 30, 2003, respondent sent petitioner and his former spouse a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320,[1] relating to 2001. Petitioner timely requested a collection due process (CDP) hearing relating to both notices and filed a Form 1040X, Amended U.S. Individual Income Tax Return (amended return), relating to 2001. Petitioner on the amended return reported $12,190 of deductions on Schedule A, Itemized Deductions; $879,234 of expenses on Schedule C, Profit or Loss From Business; and a tax liability of $243,561. On June 28, 2004, Appeals

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

[*3] Officer Catherine Smith (AO Smith) contacted petitioner to discuss the amended return and to schedule a CDP hearing. By facsimile on June 29, 2004, AO Smith scheduled a CDP hearing and provided petitioner with a payoff amount corresponding to the tax liability reported on the amended return. On July 15, 2004, petitioner gave AO Smith a $312,624[2] check equal to the payoff amount provided in the June 29, 2004, facsimile. After meeting with petitioner, AO Smith forwarded the amended return to be examined by Revenue Agent Earline Brown (RA Brown).

By letter dated December 1, 2004, RA Brown informed petitioner and his former spouse that the amended return was under examination. RA Brown requested a meeting with petitioner to discuss three preliminary items: repair expenses, vehicle expenses, and charitable contribution deductions. On December 7, 2004, petitioner's former spouse informed RA Brown that petitioner had moved. On December 8, 2004, RA Brown sent petitioner two letters: one to an address provided by petitioner's former spouse and another to the address reported on petitioner's CDP request. On the same day petitioner

_____

[2]This amount included the tax liability reported on the amended return of $243,561, an estimated tax addition to tax of $1,005, a failure to timely pay addition to tax of $34,099, and interest of $33,960. These amounts are rounded to the nearest dollar.

**[*4]** and his representative left messages requesting RA Brown to return their calls.

From December 13, 2004, through January 14, 2005, RA Brown, petitioner, and his representative exchanged numerous voice mail messages in an unsuccessful attempt to schedule a meeting. On January 19, 2005, RA Brown called petitioner to inform him that she was going to recommend rejection of the amended return because petitioner had failed to schedule a meeting. Shortly thereafter petitioner's secretary informed RA Brown that petitioner would call on January 24, 2005. RA Brown advised petitioner's secretary that if petitioner did not call on January 24, 2005, the case would be returned to AO Smith. Petitioner did not call, and on January 25, 2005, RA Brown returned petitioner's case to AO Smith and recommended rejection of the amended return. Petitioner did not provide any documentation supporting the deductions claimed on the amended return.

On March 30, 2005, respondent issued a notice of determination sustaining the proposed collection actions. On April 15, 2005, petitioner, while residing in Louisiana, filed his petition with the Court.

[*5]                              OPINION

During a CDP hearing the taxpayer may raise relevant issues such as spousal defenses, the appropriateness of the proposed collection action, and possible collection alternatives. Sec. 6330(c)(2)(A). The Appeals officer must verify that the requirements of applicable law and administrative procedure have been met, consider issues properly raised by the taxpayer, and consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(b), (c)(3).

When a taxpayer's underlying tax liability is properly at issue, the Court reviews the underlying tax liability de novo and all other administrative determinations for abuse of discretion. Christopher Cross, Inc. v. United States, 461 F.3d 610, 612 (5th Cir. 2006). Petitioner did not receive a notice of deficiency and did not otherwise have an opportunity to dispute his underlying tax liability. See sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004) (holding that taxpayers who self-reported their tax liability did not have a prior opportunity to dispute their underlying tax liability). Furthermore, respondent acknowledged in the notice of determination that "During the hearing, * * * [petitioner] raised the existence or amount of the liability." Petitioner's

[*6] underlying tax liability was properly at issue, and therefore we review his underlying tax liability de novo. See Christopher Cross, Inc., 461 F.3d at 612.

On the original return relating to 2001 petitioner reported adjusted gross income of $1,535,679, a standard deduction of $7,600, and a total tax liability of $608,846.[3] Petitioner contends that the amended return properly reflects his Federal income tax liability relating to 2001. On the amended return petitioner reported $12,190 of deductions on Schedule A, Itemized Deductions; $879,234 of expenses on Schedule C, Profit and Loss From Business; and a tax liability of $243,561.[4] Petitioner wrote "See Attached" on part II, Explanation of Changes to Income, Deductions, and Credits, of the amended return but did not attach an explanation.

The Commissioner is not required to accept an amended return. See Badaracco v. Commissioner, 464 U.S. 386, 393 (1984) (holding that "an amended return is a creature of administrative origin and grace"); Goldring v. Commissioner, 20 T.C. 79, 81 (1953) (holding that the acceptance or rejection of an amended return is solely within the discretion of the Commissioner). Petitioner

---

[3]On the original return petitioner reported withholding payments of $16,308 and an estimated tax addition to tax of $1,005.

[4]On the amended return petitioner reported withholding payments of $16,308.

[*7] contends that his $312,624 payment on July 15, 2004, settled his Federal income tax liability relating to 2001. Only authorized agents or officials representing the Commissioner, however, may enter into settlement agreements. See Johnson v. Commissioner, 136 T.C. 475, 496 (2011). Appeals officers simply do not have authority to enter into administrative settlements. See id. at 496-497. Accordingly, AO Smith's acceptance of petitioner's $312,624 check did not settle his 2001 Federal income tax liability. See Bowling v. United States, 510 F.2d 112, 113 (5th Cir. 1975) (per curiam) (holding that a settlement agreement cannot be imputed by the Government's acceptance of a taxpayer's check); Johnson v. Commissioner, 136 T.C. at 496-497 (holding that the Government is not bound by an implicit agreement entered into by an individual who lacks actual authority). In addition, there is insufficient evidence in the record to establish that petitioner paid or incurred the expenses reported on the amended return.

Petitioner further contends that respondent's determination to proceed with the collection action was an abuse of discretion because petitioner "WAS DENIED A REASONABLE OPPORTUNITY TO DEFEND * * * [his] AMENDED RETURN". We review respondent's determination for abuse of discretion, and petitioner must establish "clear taxpayer abuse and unfairness". See Christopher

[**\*8**] <u>Cross, Inc.</u>, 461 F.3d at 612.  After speaking with petitioner's secretary on January 19, 2005, RA Brown gave petitioner a final opportunity to schedule a meeting, and petitioner failed to do so.  Furthermore, petitioner failed to provide documentation supporting the deductions claimed on the amended return.  Respondent did not abuse his discretion in determining to proceed with collection of petitioner's $608,846 self-reported Federal income tax liability relating to 2001.  See <u>id.</u> at 612-613.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.