**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-69

UNITED STATES TAX COURT

JAMES WILLIAM HARRISON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9288-13S L.                    Filed July 14, 2014.

James William Harrison, pro se.

Jeremy D. Cameron, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This collection review case is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121. Respondent's motion was called for hearing in Atlanta, Georgia, on April 1, 2014. Petitioner appeared at the hearing and represented himself.

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). The Court will grant summary judgment only "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b). Respondent, as the moving party, bears the burden of showing that summary adjudication is warranted. See FPL Grp., Inc. v. Commissioner, 115 T.C. 554, 559 (2000).

Respondent's motion for summary judgment is well founded in the light of the averments therein, the pleadings, a declaration executed by Appeals Account Resolution Specialist Nancy C. Lee (AARS Lee), and the administrative record.

We conclude that there is no genuine dispute as to a material fact and that respondent is entitled to judgment as a matter of law sustaining the notice of determination upon which this case is based.

Background[2]

Petitioner and his wife (Harrisons) filed a timely joint Federal income tax return for 2009. In May 2011 the Harrisons submitted to the Internal Revenue Service (IRS) a Form 1045, Application for Tentative Refund, claiming tax refunds for 2008 and 2009 in connection with the carryback of net operating losses from the taxable year 2010.

About the same time, the IRS examined the Harrisons' 2009 return and, on July 18, 2011, mailed them a notice of deficiency determining an income tax deficiency of $4,239. The deficiency was attributable in relevant part to distributions that petitioner received from retirement accounts during 2009 but omitted from income on the couple's tax return.

Petitioner concedes (and the record reflects) that he received the notice of deficiency shortly after it was mailed. On July 28, 2011, petitioner's accountant wrote to the IRS Taxpayer Advocate Service and requested expedited processing

---

[2]The following facts are not in dispute and are drawn from the pleadings and other documents constituting the record in this case.

of the Form 1045 described above.  The Harrisons did not file a petition for redetermination with the Court challenging the notice of deficiency.

On November 14, 2011, after the time for filing a timely petition for redetermination with the Court had expired, see sec. 6213(a), the IRS assessed the income tax determined in the notice of deficiency, a late-payment addition to tax under section 6651(a)(2), and related statutory interest and sent a notice and demand for payment to the Harrisons.  When the Harrisons failed to remit payment, the IRS mailed to them a Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for 2009.

The Harrisons subsequently filed with respondent a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, stating that they could not pay the balance due and that they intended to offer a collection alternative.  The Form 12153 included a vague reference to Forms 1040X, Amended U.S. Individual Income Tax Return, for the years 2008 through 2011 and a lawsuit pending in the U.S. District Court for the Northern District of Georgia.[3]

---

[3]A refund suit that petitioner filed for 2008 was dismissed for lack of subject matter jurisdiction.  See Harrison v. United States, No. 2:10-CV-0209 (RWS), 2011 WL 233648 (N.D. Ga. Jan. 4, 2011).  A second refund suit that petitioner filed for 2008, 2009, and 2010 was dismissed because of his failure to

(continued...)

On November 6, 2012, AARS Lee mailed to the Harrisons a letter informing them that she had scheduled a telephone conference for December 4, 2012, and inviting them to submit to the Office of Appeals (Appeals Office) an offer-in-compromise (OIC) and a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. On November 19, 2012, petitioner wrote to AARS Lee and stated that no hearing would be necessary because the Harrisons owed no income tax for 2009 and, in fact, they were due a refund for that year as a result of substantial losses that they incurred from 2007 through 2012.

AARS Lee subsequently learned that the Harrisons had submitted to the IRS the Form 1045 mentioned above. On March 26, 2013, AARS Lee held a telephone conference with petitioner and informed him that he would not be permitted to challenge his underlying tax liability for 2009 during the Appeals Office administrative hearing because the IRS had issued a notice of deficiency to him for that year and he did not contest it. Petitioner informed AARS Lee that he was not able to make installment payments and provided information to her at that time about his current income and expenses. Following this discussion, AARS

---

[3](...continued)
properly serve the complaint. Harrison v. United States, No. 2:11-CV-0231 (RWS) (N.D. Ga. Aug. 31, 2012).

Lee concluded that the Harrisons' account for 2009 should be placed in currently not collectible status.

On April 1, 2013, the Appeals Office mailed to the Harrisons a notice of determination stating that the IRS would suspend the proposed levy and place their account for 2009 in currently not collectible status. Petitioner filed a timely petition with the Court asserting that the IRS failed to process an amended return that he had submitted for 2009.[4] At the time the petition was filed, petitioner resided in Georgia.

Petitioner testified at the hearing of this matter. He explained that he and his wife were the owners of Asia Spices, LLC (doing business as A Little Asia Restaurant), which had incurred losses that would offset all of the income that they received during 2009. The administrative record includes copies of Forms 1040X for Asia Spices, LLC, for the taxable years 2008 through 2012, and for the Harrisons for the taxable years 2006 through 2008.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the

---

[4]Mrs. Harrison did not sign the petition and is not a party to this action.

levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires that the written notice include the amount of the unpaid tax and the taxpayer's right to an administrative hearing.

If the taxpayer requests an administrative hearing, the hearing is to be conducted by the Appeals Office. Sec. 6330(b)(1). In rendering an administrative determination in a collection review proceeding under section 6330, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives (such as an OIC), appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A taxpayer may challenge the existence or amount of his or her underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

Section 6330(d)(1) grants this Court jurisdiction to review the administrative determination made by the Appeals Office. If the taxpayer's underlying tax liability is properly in dispute, the Court will review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000). An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Although petitioner initially asserted in his response opposing respondent's motion for summary judgment that he did not receive the notice of deficiency dated July 18, 2011, he subsequently conceded that he received the notice shortly after it was mailed. The Harrisons did not take advantage of the opportunity to file a petition for redetermination with the Court; instead their accountant requested that the IRS expedite the processing of a claim for tentative refunds for 2008 and 2009.

Petitioner asserts that the IRS should not be permitted to proceed with collection without first processing the Form 1045 or the amended tax return that he submitted for 2009. Petitioner's argument amounts to a back door challenge to

the existence or amount of his underlying tax liability for 2009 within the meaning of section 6330(c)(2)(B). However, as discussed above, petitioner admits that he received the notice of deficiency for 2009 but decided not to file a petition for redetermination with the Court. Consistent with section 6330(c)(2)(B), the Appeals Office correctly determined that petitioner is not permitted to challenge the existence or amount of his underlying tax liability for 2009 in this action. See Sego v. Commissioner, 114 T.C. at 611.

Even assuming for the sake of argument that we could consider petitioner's complaint that the IRS failed to process his Form 1045 and related amended returns, we would not overturn the Appeals Office determination in this case. In short, petitioner's submission of Form 1045 to the IRS claiming a tentative refund for 2009 did not preclude respondent from issuing a notice of deficiency to him for that year. See Zarnow v. Commissioner, 48 T.C. 213, 215 (1967) (failure to act on a Form 1045 within the 90-day period prescribed in section 6411(b) does not prevent the Commissioner from determining a deficiency for that year). Likewise, the Commissioner is vested with the discretion whether to accept and process an amended return. See, e.g., Cantrell v. Commissioner, T.C. Memo. 2012-257 (and cases cited therein). Despite having submitted a Form 1045 to the IRS, the Harrisons were obliged to file a petition for redetermination with the Court if they

disagreed with the notice of deficiency in any respect. When they failed to do that, the IRS properly assessed the tax deficiency determined in the notice of deficiency, and the Appeals Office was under no obligation pursuant to the provisions of section 6330 to process the amended return or otherwise review the amount of petitioner's underlying liability. On this record, we can find no abuse of discretion in respect of the disposition of petitioner's amended return.

Consequently, we review the administrative determination in this case for abuse of discretion. We do not substitute our judgment for that of the Appeals Office. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). Instead, we consider whether, in the course of making its determination, the Appeals Office (1) verified that the requirements of applicable law and administrative procedures have been met, (2) considered any relevant issue raised by the taxpayer that relates to the unpaid tax or the proposed levy, and (3) determined whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(1)-(3).

Petitioner has failed to advance any argument or introduce any evidence that would allow us to conclude that the determination to suspend the proposed levy and place the Harrisons' account for 2009 in currently not collectible status was

arbitrary, capricious, or without sound basis in fact. Although petitioner did not submit a written OIC or a Form 433-A and related financial information as requested, AARS Lee accepted oral statements that he made about his income and expenses during a telephone conference call and allowed a collection alternative that is less intrusive than the proposed levy. We have no reason to quarrel with the determination by the Appeals Office that the requirements of applicable law and administrative procedure were met in this case or that placing the Harrisons' account for 2009 in currently not collectible status appropriately balanced the need for efficient collection of taxes with petitioner's concerns regarding the intrusiveness of the proposed levy action. In sum, we hold that the Appeals Office did not abuse its discretion in this case.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.