# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2021

Lyle W. Cayce
Clerk

No. 21-60135

FRANCIS I. SPAGNOLETTI,

*Petitioner—Appellant*,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent—Appellee*.

Appeal from a Decision of the
United States Tax Court
No. 10204-19L

Before HIGGINBOTHAM, STEWART, and WILSON, *Circuit Judges*.
PER CURIAM:*

Under 26 U.S.C. § 6330(a), a taxpayer is guaranteed notice and a hearing before the Internal Revenue Service assesses a levy. Francis Spagnoletti failed to pay over one million dollars in taxes he reported due on his 2015 and 2016 tax returns. Unsurprisingly, the IRS began collection proceedings. After his due process hearing, Spagnoletti asserted the IRS

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60135

failed to comply with the notice and determination requirements of § 6330 and sued the Commissioner of the IRS.  The Tax Court evaluated the record of the proceedings against Spagnoletti and, finding no violations of Section 6330, awarded summary judgment to the Commissioner.  Because Spagnoletti has failed to demonstrate the IRS abused its discretion by violating the provisions of § 6330, we AFFIRM.

## I.

Spagnoletti's tax returns for 2015 and 2016 reported $536,994 and $527,032 in taxes due, respectively.  Neither return included payments.  The 2015 return was filed on October 17, 2016, two days after its extended due date of October 15, 2016.  The 2016 return was filed on January 31, 2018, more than three months after the extended deadline of October 15, 2017.  Because both returns were late, Spagnoletti was assessed penalties for failure timely to pay in addition to assessments for failure to pay estimated tax.

On May 25, 2018, the IRS sent a "Notice of Intent to Levy and Notice of Your Rights to a Hearing" to Spagnoletti.  At that time, Spagnoletti's tax liability for 2015 and 2016 had increased, with interest, to $1,290,696.20.  Spagnoletti timely filed a "Request for a Collection Due Process or Equivalent Hearing" on June 25, 2018.  In the request, he asserted that he had called the IRS and asked for a 120-day installment plan.  A Settlement Officer was assigned to Spagnoletti's case, and she sent him a letter scheduling a telephonic hearing for October 25, 2018.  The letter stated Spagnoletti could reschedule the hearing if that time was not convenient for him.

After the Settlement Officer was unable to reach Spagnoletti on October 25, she sent a follow up letter the same day asking Spagnoletti to submit any information he wanted placed in the administrative file by November 9, 2018.  Spagnoletti replied via fax on November 8, 2018,

acknowledging the Settlement Officer's letter and stating "I simply would like to resolve this matter by paying the aforementioned tax periods in full within 120 days. I realize that you normally request additional documentation to do an installment agreement as referenced in your letter; however, I am not requesting an installment agreement but rather full payment in 120 days."

The Settlement Officer called Spagnoletti on November 13, 2018, to hold the telephonic hearing. Spagnoletti reiterated his desire for a 120-day payment plan. But the Settlement Officer informed him that because he was not in compliance with filing requirements regarding estimated tax payments for the current tax year and because he had not provided any additional financial information, she could not negotiate a collection alternative. She then explained the procedures for closing his case and assessing a levy and informed Spagnoletti that it would take more than 120 days to begin the levy assessment. She stated that if he wanted to pay his outstanding liability within 120 days—as he ostensibly requested—he would have ample time to do so before the levy was assessed.

Spagnoletti made no payments. Instead, 176 days after his hearing, the IRS issued a Notice of Determination sustaining the proposed levy against him. In response, Spagnoletti filed a petition in the Tax Court challenging the determination and alleging the IRS unreasonably delayed responding to his request for a simple 120-day agreement. The Commissioner of the IRS, as respondent to Spagnoletti's Tax Court petition, filed a motion for summary judgment asserting, *inter alia*, that all relevant laws and procedures had been followed in Spagnoletti's case. Spagnoletti opposed the motion, contending that virtually none of the requirements for notice and an opportunity to be heard under 26 U.S.C. § 6330 had been followed by the IRS.

After examining the record, the Tax Court determined that the IRS had followed the requirements of § 6330. Specifically, the court found that Spagnoletti had not challenged his underlying tax liability during the due process hearing; he was not entitled to a Notice of Deficiency, because his tax liabilities were self-reported; it was not improper to issue one notice of levy encompassing the 2015 and 2016 tax years; and the Settlement Officer did not abuse her discretion in rejecting his request for a 120-day payment plan. Spagnoletti now appeals.

## II.

"We apply the same standard of review to decisions of the Tax Court that we apply to district court decisions[,]" *Green v. Comm'r*, 507 F.3d 857, 866 (5th Cir. 2007) (citation omitted), so we review Spagnoletti's challenges to summary judgment *de novo*. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003) (citing *Perez v. United States*, 312 F.3d 191, 193 (5th Cir. 2002)). In doing so, we apply the same standards as the Tax Court. "The Tax Court's review is 'limited to issues that were properly raised during the [collection due process] hearing.'" *Estate of Duncan v. Comm'r*, 890 F.3d 192, 198 (5th Cir. 2018) (quoting *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1189 (10th Cir. 2017)).

When "the underlying tax liability is properly at issue," we review "the underlying liability *de novo* and review[] the other administrative determinations for an abuse of discretion." *Christopher Cross, Inc. v. United States*, 461 F.3d 610, 612 (5th Cir. 2006) (internal quotation marks omitted) (quoting *Jones*, 338 F.3d at 466). In this context, abuse of discretion means "a clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS[.]" *Id.* (internal quotation marks omitted) (quoting *Robinette v. Comm'r*, 439 F.3d 455, 459 (8th Cir. 2006)).

No. 21-60135

## A.

Spagnoletti initially asserts that because he challenged his underlying tax liability during his collection due process hearing, his case should have been reviewed *de novo* by the Tax Court. Consequently, he argues, the Tax Court erred by not considering his underlying liability after he raised it.

Spagnoletti's assertion borders on frivolous. Before the Tax Court, the Commissioner submitted records documenting the Settlement Officer's interactions with Spagnoletti. These documents make clear that "liability was not raised as an issue for the period(s) being considered in this hearing." Further, in his briefs filed in the Tax Court and on appeal, Spagnoletti concedes, "[I] did not raise an issue as to the reported tax due as reported on [my] tax returns for 2015 and 2016; however, [I] did request a 120 day period to pay the taxes as had been done for many years without an installment agreement." As the record demonstrates, Spagnoletti never contested his underlying tax liability—*he self-reported it* for both tax years at issue. Thus, the Tax Court did not abuse its discretion in declining to review Spagnoletti's tax liability *de novo*.

Even if *de novo* review of Spagnoletti's tax liability applied, on the record before us, the outcome would be the same. Spagnoletti reported how much money he owed the federal government in taxes. Both returns were filed late, leading to the imposition of penalties and interest. He never contested any of this, and the record gives no hint that the amounts he reported were incorrect. This issue lacks merit.

## B.

Spagnoletti next asserts the IRS abused its discretion by violating 28 U.S.C. § 6330(c)(3). This section requires that the Settlement Officer (1) obtain verification at the hearing that the requirements of law and administrative procedure have been met, (2) consider issues raised by the

No. 21-60135

taxpayer, and (3) consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 28 U.S.C. § 6330(c)(3).

Spagnoletti contends the Settlement Officer abused her discretion by not verifying that the IRS met legal and administrative requirements. He asserts the IRS violated relevant law by not providing him a "Notice of Deficiency" and by combining two tax years in his "Notice of Determination." These contentions are readily dispatched. First, Spagnoletti was not entitled to receive a "Notice of Deficiency." He was only assessed the unpaid taxes he self-reported on his return, and "[a] 'notice of deficiency' is only required in situations where there is a deficiency . . . and not in situations where, as here, a taxpayer fails to pay the amount of tax shown on the returns." *Jones*, 338 F.3d at 466 (citing *Perez*, 312 F.3d at 196); *see also* 26 U.S.C. § 6201(a)(1). Likewise, imposition of statutory interest and additions to self-reported unpaid tax liabilities are not subject to deficiency procedures. 26 U.S.C. § 6665(a). And Spagnoletti provides no authority for his contention that the IRS violated the law by combining two tax years in the notice of levy it sent to him. Therefore, we decline to address this issue further. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) (quoting *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004)). Spagnoletti has failed to demonstrate the Settlement Officer abused her discretion on this point.

Next, Spagnoletti asserts that the Settlement Officer failed to consider issues raised by the taxpayer because she did not consider his request for a 120-day repayment plan. But this is directly contradicted by the record. Spagnoletti's case activity report documents the Settlement Officer's conversations with him during which he raised the possibility of a 120-day repayment plan. She explained to Spagnoletti that because he had failed to

pay his estimated tax payments for the current tax year, she could not approve an alternative payment or settlement plan for his prior year liability. *See Christopher Cross, Inc.*, 461 F.3d at 613 (stating that a "taxpayer must be current on payments" in order "to submit an offer in compromise" (quotation and internal quotation marks omitted)). Instead of merely rejecting his offer, she also suggested to Spagnoletti that if he wanted to pay his liability within 120 days, he would have ample time to do so because it would take longer than that to close his case and assess the levy against him. Against this record, Spagnoletti utterly fails to demonstrate an abuse of discretion on this point.

Finally, Spagnoletti contends that the Settlement Officer abused her discretion by not balancing the need for efficient tax collection against his legitimate concerns related to intrusiveness. Once again, though, Spagnoletti's position runs headlong into a contrary factual record. The "Notice of Determination" transmitted to Spagnoletti stated that because he had not responded to any of the IRS's requests for information, the IRS could not consider any applicable collection alternatives besides a levy against him. This notice is reinforced by the other instances when the IRS explicitly told Spagnoletti—and he acknowledged—that the IRS could not entertain a settlement offer if he did not provide the necessary financial disclosures to the IRS. Further, Spagnoletti's preferred outcome, repaying his self-reported tax liability within 120 days, was available to him. The "Notice of Determination" sustaining the proposed levy against him was not sent until May 8, 2019, *176 days after his hearing.* Rather than availing himself of the intervening time to pay his taxes as he had offered, Spagnoletti failed to pay a single penny. His conduct undermines any argument that the Settlement Officer abused her discretion, and this issue lacks merit.

No. 21-60135

### III.

At bottom, Francis Spagnoletti, a lawyer and an officer of the court, has manipulated the due process protections provided by 26 U.S.C. § 6330(a) and the courts to avoid paying over $1,000,000 in taxes on his 2015 and 2016 income for half a decade—taxes that he himself initially reported as due. His appeal to this court amounts to an extension of that strategy of hair-splitting delay tactics. It is well past time to pay up.

AFFIRMED.