# United States Tax Court

T.C. Summary Opinion 2025-4

LINSEY GOODALE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15919-23SL.                    Filed April 30, 2025.

————

Linsey Goodale, pro se.

*Asher W. Mitchell* and *Joline M. Wang*, for respondent.


## SUMMARY OPINION

FUNG, *Judge*: This case was brought pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's Motion for Summary Judgment under Rule 121. In this collection due process (CDP) case petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a Notice CP90, Notice of Intent to Seize your Assets and of Your Right to a Hearing (Notice of Intent to Levy). The Notice of Intent to Levy relates to petitioner's unpaid tax liabilities for tax years 2010,

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

2011, and 2012 (tax years at issue). Respondent contends that there are no disputes of material fact and that the Appeals officer (AO) did not abuse her discretion in sustaining the proposed levy. We agree and accordingly will grant the Motion for Summary Judgment.

*Background*

We derive the following facts from the pleadings, the parties' Motion papers, and the attached Exhibits, which include the certified administrative record of the CDP proceeding along with a Certificate as to the Genuineness of the Administrative Record. *See* Rule 121(c). These facts are stated solely for the purpose of deciding respondent's Motion for Summary Judgment and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). Petitioner resided in Kansas when she filed her Petition with this Court.

I.      *Petitioner's Unpaid Tax Liabilities*

Petitioner failed to file tax returns for the tax years at issue. Respondent prepared substitutes for returns and issued Notices of Deficiency for the tax years at issue. Petitioner, however, did not file petitions for redetermination of her deficiencies for the tax years at issue.[2] As a result, respondent assessed the tax due, statutory interest, and additions to tax for failure to timely file her tax returns and failure to timely pay tax. *See* I.R.C. § 6651(a)(1) and (2).[3]

II.      *The Collection Due Process Proceeding*

On February 14, 2022, the IRS issued to petitioner the Notice of Intent to Levy, informing her of her right to contest the proposed levy action and request a CDP hearing. It indicated that March 16, 2022, was the last date to request a CDP hearing with the IRS Independent Office of Appeals (Appeals Office). On March 22, 2022, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated March 14, 2022, and postmarked March 16, 2022. On Form 12153 petitioner explained her basis for the hearing request as proposed levy or actual levy because she "filed those tax years

---

[2] The Notices of Deficiency were issued to petitioner for tax years 2010 and 2011 on April 21, 2014, and for tax year 2012 on May 11, 2015.

[3] Tax due and additions to tax for failure to file and for failure to pay were assessed for tax years 2010 and 2011 on September 1, 2014, and for tax year 2012 on September 21, 2015.

[and] was due a refund," and she "told the collection agency this too." Petitioner did not propose or select any collection alternatives. By Letter 4473C dated March 8, 2023, the IRS confirmed receipt of her CDP hearing request and advised her that the request would be forwarded to the Appeals Office. By Letter 4837 dated May 27, 2023, the AO acknowledged petitioner's request for a CDP hearing and scheduled a telephone conference for June 22, 2023.

The AO requested that petitioner provide information to challenge the underlying liabilities such as proof of timely filed tax returns for the tax years at issue and "all arguments and evidence supporting your challenge to the underlying liabilit[ies]." The AO also asked petitioner to provide a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed tax returns for tax years 2017, 2018, 2019, 2020, 2021, and 2022 so that alternative collection methods could be considered. The AO requested the information no later than June 16, 2023.

On June 22, 2023, the date of the scheduled telephone hearing, petitioner was not available for the hearing. On the same day the AO sent petitioner Letter 4000 requesting that she call because she had not been available and had not rescheduled in advance. Letter 4000 offered petitioner an additional 14 days to provide information related to the proposed levy action. Despite this extension, petitioner did not provide any information by the deadline or during the following two months. On September 8, 2023, the IRS accordingly issued her a Notice of Determination Concerning Collection Actions under IRS Sections 6320 or 6330 of the Internal Revenue Code (Notice of Determination), for the tax years at issue, sustaining the proposed levy.

III.    *Tax Court Proceedings*

On October 10, 2023, petitioner filed a Petition with this Court disputing the Notice of Determination. Her Petition indicated that she disagreed with the IRS because she "received a notice years ago and sent in my filing with a check to dispute the previous amount billed and didnt [sic] hear anything until I started to receive the notices again. I thought that this was resolved." Petitioner also stated that her returns show that she "should have received a refund."

*Discussion*

I.  *General Principles*

A.  *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001).

We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp.*, 98 T.C. at 520. In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The moving party bears the burden of proving that no genuine issue exists as to any material fact and that she is entitled to judgment as a matter of law. *FPL Grp.*, 116 T.C. at 74–75. Where the moving party makes and properly supports a Motion for Summary Judgment, "the nonmovant may not rest on the allegations or denials in that party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d). Petitioner did not respond to the Motion for Summary Judgment, and we could enter a decision against her for that reason alone. *See* Rule 121(d). Nevertheless, we will consider the Motion for Summary Judgment on its merits. Finding that there exist no genuine disputes of material fact, we conclude that summary adjudication is appropriate.

B.  *Standard of Review*

Section 6330(d)(1) does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. We are guided by our precedents for the general parameters for such review. Where the taxpayer's underlying tax liability is properly at issue, we review the IRS's determination regarding the underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where the taxpayer's underlying liability is not properly in dispute, we review the IRS's determination for abuse of discretion only. *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003); *Goza*, 114 T.C. at 182. We may find an abuse of discretion only if the AO exercised her discretion "arbitrarily, capriciously, or without sound basis in fact or law." *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999); *see Coletti v.*

*Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (finding an abuse of discretion when a court renders an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment" (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir. 1994))); *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

## II.   *Underlying Liabilities*

A taxpayer may challenge her liability in a CDP proceeding only if she did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute such tax liability. *See* I.R.C. § 6330(c)(2)(B); *Montgomery v. Commissioner*, 122 T.C. 1, 9 (2004). The AO verified that the IRS mailed Notices of Deficiency to petitioner for the tax years at issue; petitioner did not file petitions with respect to those notices of deficiency.

Petitioner had a prior opportunity to contest her liabilities with this Court, but she did not do so. She therefore was precluded from challenging her liabilities before the Appeals Office and the AO in her CDP hearing. *See Goza*, 114 T.C. at 182–83. Further, she cannot contest her underlying tax liabilities now, so we review the AO's determination for abuse of discretion only.[4]

## III.   *Abuse of Discretion*

In determining whether the Appeals Office abused its discretion, we consider whether the AO (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3). After reviewing the administrative record, we agree that the AO satisfied all three requirements.

---

[4] Even if she was entitled to raise her underlying liabilities in the CDP hearing, petitioner failed to present any evidence as to her correct tax liabilities or provide the requested financial and return information. "An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of the issue or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so." *Nguyen v. Commissioner*, T.C. Memo. 2020-97, at *4. Thus, for two reasons, petitioner cannot raise her underlying liabilities in this Court.

### A.   *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised that issue at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011). Petitioner did not attend her CDP hearing, so she did not challenge the verification requirement there or at any point in the CDP proceedings. Nevertheless, the AO verified that the requirements of all applicable laws and administrative procedures were followed. *See* I.R.C. § 6330(c)(1).

### B.   *Issues Raised*

Petitioner failed to provide any information to the AO at any time during the CDP proceedings. She did not provide Form 433–A or similar financial information; she did not propose any collection alternatives such as an installment agreement or an offer-in-compromise; and she was not in filing compliance with respect to the tax years at issue or the subsequent tax years. Because of petitioner's failure to respond, the AO was not able to consider any collection alternatives. *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012). Thus, the AO's decision to sustain the proposed levy was justified, and we find no abuse of discretion.

### C.   *Balancing Analysis*

The AO balanced the need for the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary in determining that the proposed collection action should be sustained. As part of the analysis, she noted again that petitioner did not provide any information or propose collection alternatives and did not respond to the Appeals Office. Further, petitioner did not allege in her Petition or argue at any point that the AO failed to consider collection alternatives or failed to conduct a proper balancing analysis regarding her proposed collection action. *See* I.R.C. § 6330(c)(3)(C). Accordingly, we are satisfied that the AO conducted an appropriate balancing analysis.

## IV.   *Conclusion*

We find no error in the AO's decision. We will grant respondent's Motion for Summary Judgment and affirm the Appeals Office's determination to sustain the levy for the tax years at issue.

To reflect the foregoing,

*An appropriate order and decision will be entered.*